### UNITED STATES v. MACLEOD BUREAU et al.

No. 17512.

District Court, D. Massachusetts.
March 27, 1947.

Tom C. Clark, Atty. Gen., Wendell L. Berge, Asst. Atty. Gen., William C. Dixon, and Edmond J. Ford, Sp. Assts. to the Atty. Gen., and James M. Malloy, William D. Kilgore, Jr., Paul T. O'Donoghue, Edward M. Feeney, and Grant W. Kelleher, Sp. Attys., all of Boston, Mass., for the United States.

Daniel J. Daley, of Boston, Mass., for White Fuel Corp. and John B. Birmingham.

Lothrop Withington, of Boston, Mass., for Kingsbury Brown and H. N. Hartwell & Son Corp.

Harold J. Field, of Boston, Mass., for Glendale Coal Co.

James C. Reilly and Joseph P. Rooney, and Gaston, Snow, Rice & Boyd, all of Boston, Mass., for Macleod Bureau.

John DeCourcy and Robert J. Fletcher, both of Boston, Mass., for Mystic Terminal Co.

John N. Worcester and Alfred Thomas, both of Boston, Mass., for Berwind-White Coal Mining Co.

John N. Worcester and Alfred Thomas, both of Boston, Mass., for Staples Coal Co.

Charles B. Rugg, Frank W. Crocker, James S. Eastham and C. Russell Walton, all of Boston, Mass., for New England Coal & Coke Co. and Edward Page.

Johnson, Clapp, Ives & Knight, Frederick Manley Ives and William R. Cook, all of Boston, Mass., for Metropolitan Coal Co.

Gerhard A. Gesell, of Washington, D. C., for C. H. Sprague & Son Co.

Walter Powers, of Boston, Mass., for Oakey L. Alexander and others.

Paris Fletcher, of Worcester, Mass., for Massachusetts Wharf Coal Co.

Damon E. Hall, of Boston, Mass., for Mystic Terminal Co.

HEALEY, District Judge.

Two motions to dismiss the indictment and eight motions for bills of particulars have been filed by the various defendants in the above entitled action.

The motions for particulars will be considered and disposed of in the following order:

The joint motion of 15 defendants—to wit:

1—Macleod Bureau; Burton-Furber Coal Company; C. H. Sprague & Son Company; Glendale Coal Company; H. N. Hartwell & Son, Inc.; Massachusetts Wharf Coal Company; Metropolitan Coal Company; New England Coal & Coke Company; Pocahontas Fuel Company, Inc.; Staples Coal Company; White Fuel Corporation; Kingsbury Browne; Oakey L Alexander; Edward Page; John P Birmingham.

2—Motion of Berwind-White Coal Mining Company.

3—The separate motion of Burton-Furber Coal Company and Pocahontas Fuel Company, Inc.

4—Motion of Mystic Coal Dock, Inc.

5—Motion of Mystic Terminal Company.

6—The separate motion of Oakey L. Alexander.

7—The separate motion of John P. Birmingham.

8—The separate motion of Kingsbury Browne.

The indictment charges the defendants with violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C.A. §§ 1, 2, as a result of their alleged activities in connection with the sale and distribution of soft coal. It consists of thirty numbered paragraphs in two counts. Paragraphs numbered 1 through 20 relate to both counts.

Paragraph 1 sets forth the period of time covered by the indictment as beginning about 1937 and continuing up to the date of the indictment.

Paragraph 2 sets out definitions of certain terms used in the indictment.

Paragraphs 3 through 18 identify the several defendants, both corporate and individual.

Paragraphs 19 and 20 describe the nature of the trade and commerce involved.

Paragraph 21 alleges that the defendants have engaged in a wrongful and unlawful combination and conspiracy formed and carried out in part within the District of Massachusetts, to fix, determine, establish and maintain arbitrary, artificial and non-competitive prices, terms and conditions for the sale and distribution of coal within the greater Boston area, "which conspiracy has been in unreasonable restraint of trade and commerce herein described in violation of Section 1 of * * * the Sherman Act."

Paragraph 22 states, "The aforesaid combination and conspiracy to·restrain trade and commerce has consisted of a continuing agreement and concert of action among the defendants, the substantial terms of which have been and are * * *."

The terms are then set out in subparagraphs (a) through (k).

Paragraph 23 sets forth five overt acts.

Paragraph 24 sets out the alleged effects of the conspiracy.

Paragraph 25 sets forth allegations to establish jurisdiction and venue within this court.

Paragraphs 26, 27, 28, 29 and 30 are identical with paragraphs 21 through 25, except that the conspiracy alleged in these paragraphs is "an unlawful conspiracy to monopolize the aforesaid interstate trade and commerce described in this Indictment in coal in the Greater Boston Area, which conspiracy has been in violation of Section 2 of * * * the Sherman Act."

Counsel have argued at the hearing on these motions, and have submitted briefs citing numerous authorities and precedents to support their contentions.

The fundamental purpose of a bill of particulars is to apprise the defendant of the crime charged with sufficient particularity to enable him to properly prepare a defense to such charge, and to avoid prejudicial surprise at the trial. Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545; United States v. Allied Chemical & Dye Corporation et al., D.C., 42 F.Supp. 425, and cases cited. United States v. General Petroleum Corporation of California et al., D.C., 33 F. Supp. 95.

Particulars should also be supplied to enable a defendant to be sufficiently informed of the charge to plead his acquittal or conviction in bar of a later prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; United States v. General Electric Company, D.C., 40 F.Supp. 627, 632.

Particulars should not be required as to matters made clear in the indictment, nor matters which are not necessary to be proved by the government in order to gain a conviction. Thus in the present case, it is unnecessary for the government to prove any overt act was committed by the defendants or any of them in carrying out their alleged conspiracies. Such overt acts are merely evidence and the government should not be called upon to supply the defendants with its evidence so as to unduly limit the government's

proof. United States v. General Electric Company, D.C., 40 F.Supp. 627.

Also a motion for particulars should not be granted when the information sought is within the defendants' own knowledge or is evident from an examination of the indictment as a whole.

While these fundamental rules should govern the determination of a motion for a bill of particulars, the courts in applying them have often arrived at decisions that are seemingly in conflict. This is undoubtedly due to the fact that the courts, using their discretion, have attempted to decide each such motion according to the particular and peculiar circumstances of each individual case.

This court, therefore, in acting upon these motions, or any portion thereof, must apply these basic rules to the circumstances here present, and, in its discretion, either allow or deny each motion.

The number and detail of these motions is so great that they will not be set out in this memorandum. In ruling on these motions, each paragraph or subparagraph will be referred to by its letter or number as set forth in each motion.

1—On the joint motion of 15 defendants, it is hereby ordered that:

Paragraph I is denied. There should not be any dispute between the government and the defendants as to the nature and meaning of the terms specifically defined in the indictment. The government cannot ascribe meanings to the terms other than their common meaning in the English language. The defendants should clearly understand the terms and cannot possibly be surprised or hindered in the preparation of their defense.

Paragraph II is denied. The government has set out a group of cities and towns in the "Greater Boston Area" and added the "area in the vicinity thereof". The latter phrase has a meaning that is commonly understood. The defendants must be acquainted with that meaning, and, consequently, there should be no doubt between the parties as to the nature and meaning of that phrase.

Paragraph III is denied. The matters there sought are not necessarily material to the issues of this case.

Paragraph IV in its entirety is denied.

However, the government shall furnish such information to the defendants as will with such particularity as it can, advise each defendant of the time within reasonable limits, when it is charged that such defendant became a party to the combination and conspiracy alleged in the indictment. In the case of each corporate defendant, the government shall name each officer or agent through whom it is claimed the corporation became a party thereto; whether the agreement was expressed, or whether it is to be inferred or implied from a course of conduct. If it is alleged that the agreement is express, the government shall inform the defendants whether such agreement was oral or was reduced to writing, or partially oral and partially written.

Paragraph V is denied in its entirety.

Paragraph VI is allowed.

Paragraph VII A. 1. is allowed.

VII A. 2. is denied, but the government shall furnish the defendants the same type of information as ordered under paragraph IV.

VII B. 1. is denied.

VII B. 2. is denied.

VII C. is denied as it seeks only evidentiary facts.

Paragraph VIII is denied in its entirety.

2—On the motion of Berwind-White Coal Mining Company, it is hereby ordered that the requests set forth in Paragraphs I, II, III, IV A. 2., IV A. 3., V A., VI A. 2., VI B. 1. and VI B. 2. are denied.

However, the government shall furnish such information to the defendant as will, with such particularity as it can, advise it of the time, within reasonable limits, when it is charged that such defendant became a party to the combination and conspiracy alleged in the indictment; the government shall also name each officer or agent through whom it is claimed the defendant became a party thereto.

Paragraph IV A. and IV A. 1, the government shall furnish the name of any

officer or agent of Berwind-White Coal Mining Company who attended any meeting of the Macleod Bureau, and within reasonable limits, the date thereof.

Paragraphs IV B. in its entirety, V B. and VI A. 1. are allowed.

3—On the separate motion of Burton-Furber Coal Company and Pocahontas Fuel Company, Inc., the government is ordered to furnish these defendants all the information sought in their separate motion, excepting the particulars requested under Paragraph B on Page 2 of that motion. The government shall state any time and any place when the Macleod Bureau or Allan Macleod acted as agent for Pocahontas Fuel Company, Inc.

4—On the motion of Mystic Coal Dock, Inc., the government is hereby ordered to furnish that defendant with the information sought in respect to paragraphs 21 and 26 of the indictment and the information sought in paragraphs A, C and D of the motion in respect to paragraphs 23 and 25 of the indictment.

The motion is denied as to the other requests for information.

5—On the motion of Mystic Terminal Company, the government shall furnish that defendant the information sought in requests numbered 1. C. and 1. D. in regard to count 1; the information sought in requests numbered 1. B. and 1. C. in regard to count 2, but the government shall furnish the information as to time, within reasonable limits. The information sought under paragraph 1. C. under the heading "Generally" shall also be furnished by the government. The defendants' motion is denied as to all other requests for particulars.

6—The separate motion of Oakey L. Alexander for particulars is denied in its entirety.

7—On the separate motion of John P. Birmingham, the government shall furnish that defendant with the particulars sought in requests numbered 2 and 3. a. of the motion. This motion is denied as to all other requests for particulars.

8—On the separate motion of Kingsbury Browne, the government shall furnish that defendant with the particulars sought in requests numbered 2. and 3. a. of his motion. All other requests for particulars are denied.

The government shall furnish the information hereby ordered within 30 days.

The motions of defendants Mystic Terminal Company and Berwind-White Coal Mining Company to dismiss the indictment as against them are hereby denied.