**UNITED STATES v. ROSENBERG et al.**

United States District Court
S. D. New York.
Oct. 6, 1950.

522

Irving H. Saypol, United States Attorney for the Southern District of New York, New York City (Myles J. Lane, Chief Asst. U. S. Atty., New York City, Thomas J. Donegan, Sp. Asst. to the Atty. Gen., Roy M. Cohn, Asst. U. S. Atty., New York City, of counsel), for the United States.

Emanuel H. Bloch and Alexander Bloch, New York City, for defendants.

WEINFELD, District Judge.

The moving defendants Julius Rosenberg and Ethel Rosenberg, and one Anatoli M. Yakovlev, are under indictment upon a charge that from on or about November 1st, 1944, up to and including June 16th, 1950, together with persons named as co-conspirators but not as defendants, they conspired to violate Section 32(a) of Title 50 United States Code,[1] in that they conspired to communicate, deliver and transmit to the Union of Soviet Socialist Republics and agents and representatives thereof documents, writings, sketches, notes and information relating to the National Defense, with intent and reason to believe that it would be used to the advantage of the foreign nation.

The indictment, which is in one count, alleges eleven (11) overt acts setting forth the dates thereof, all of which occurred between on or about November 15th, 1944, and on or about January 14th, 1945.

The defendants moved pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for a bill of particulars as to the general conspiracy charge and the overt acts. They also seek, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, an order permitting an inspection and photographing of four (4) enumerated sets of documents, including sketches of experiments conducted at the Los Alamos Project, the receipt of which by the defendant Julius Rosenberg from another alleged co-conspirator is set forth as one of the overt acts.

In all, they seek a total of thirty-five (35) items of specific particulars and permission to inspect, copy or photograph four (4) items of evidentiary matter.

Several examples of the nature of the particulars sought by the defendants will demonstrate that no basis has been established requiring the Court to direct the granting of the motion "for cause" as set forth in Rule 7(f). Overt act "1" alleges that in pursuance of the conspiracy and to effect the objects thereof, in the Southern District of New York, on or about November 1st, 1944, the defendants Julius Rosenberg and Ethel Rosenberg conferred with Ruth Greenglass. As to this overt act the particulars sought are, "The exact date and time of day * * *" of the conference; "The precise place or places where such conference or conferences took place" and finally "The subject matter or substance of said conference or conferences." Demand 4 a, b, c.

Overt act "2" alleges that "further in pursuance of said conspiracy in the Southern District of New York, on or about November 20th, 1944, the defendant Julius Rosenberg gave Ruth Greenglass a sum of money." Here the defendant again seek "The exact date and time of the day" the money was given, "The place

1. 1948 Revised Criminal Code, 18 U.S.C.A. § 794.

where", "The amount delivered" and "The form in which such money was given and delivered (in cash, checks, etc.)." Demand 5 a, b, c, d.

Another example. Overt act "3" alleges that further in pursuance of said conspiracy, "in the Southern District of New York, on or about November 20th, 1944, Ruth Greenglass boarded a train for New Mexico." Here, the request for "The exact date and time of day" demanded in the previous items (as well as subsequent ones) is dropped and the defendants as to this overt act ask for particulars of "The precise place where Ruth Greenglass boarded a train for New Mexico." Demand 6.

It would serve no useful purpose to enumerate all the thirty-five items which the defendants seek. Sufficient to say that most of them go far beyond anything to which the defendants are entitled. They demand detailed evidence of the overt acts set forth in the indictment. They seek evidential matters which in large measure would require the Government to submit to the defendants in advance of trial the proof upon which it would necessarily have to rely to establish a case against the defendants. This is not the purpose of a bill of particulars in a criminal case. Rubio v. United States 9 Cir., 22 F.2d 766; Sawyer v. United States 8 Cir., 89 F.2d 139.

The basic requirement of an indictment is:

(1) That the accused shall be definitely informed as to the charge against him so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and

(2) That he may be protected against another prosecution for the same offense. Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314; Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545.

The language of the indictment and the particulars stated in the overt acts are sufficiently specific as to time, place and other data to furnish the defendants with the information necessary to safeguard the rights of these defendants and to enable them properly to prepare their defense and to meet the Government's case. The general conspiracy clause, likewise, is clear and definite, charging these defendants and another, together with others who are named but not included as defendants, with conspiring in violation of law to deliver information relating to the National Defense to a foreign government and amply protects the defendants with respect to double jeopardy in the event of an acquittal or conviction. The present indictment and the particulars stated therein meet the tests set forth in Wong Tai v. United States, supra.

There remains for consideration the application for an inspection of and permission to copy and photograph papers and documents, including the paper containing sketches of experiments conducted at Los Alamos Project, which overt act "10" of the indictment charges the defendant Julius Rosenberg received from one of the conspirators not named as a defendant on or about January 12th, 1945.

The Government opposes this portion of the application on two grounds:

(1) That under Rule 16 of the Federal Rules of Criminal Procedure there is no showing that the documents were "obtained from or belonging to the defendant or obtained from others by seizure or by process". Indeed, not only is there an absence of such an allegation in the moving papers but, on the contrary, the affidavit submitted by the United States Attorney in opposition states, that with respect to the four items which the defendants seek to inspect, copy or photograph, these did not come into his possession from others by seizure or process. Under these circumstances, absent any other reason, the motion should be denied. United States v. Chandler, D. C., 7 F.R.D. 365.

(2) A further ground of opposition is that the sketch of which the defendants seek a copy, is "classified" by the Atomic Energy Commission, which means top secret and an affidavit is submitted to this effect.

To grant this portion of the motion would require the Government at this time to make available to the defendants and disclose publicly part of the very information relating to the National Defense which it is alleged the defendants conspired to transmit to a foreign government to be used to the latter's advantage and contrary to the national welfare. The issue which may arise upon the trial with respect to such evidence if produced is a matter for determination by the Trial Court. Bank Line v. United States, 2 Cir., 163 F.2d 133, 139.

The motion is denied in all respects.