**UNITED STATES v. SHINDLER et al.**

United States District Court
S. D. New York.
Dec. 16, 1952.

Myles J. Lane, U. S. Atty., New York City, and Norman S. Beier, New York City, of counsel, for the United States.

Weisman, Quinn, Allan & Spett, Milton C. Weisman, and Lester Samuels, New York City, Donald Jacoby, Brooklyn, of counsel, for defendant Shindler.

Chester A. Lessler, New York City, Jacob L. Rothstein, New York City, of counsel, for defendant Ozdoba.

WEINFELD, District Judge.

The defendants, charged with violation of the Securities Exchange Act[1] and conspiracy to violate it,[2] move to dismiss the fifty counts of the indictment upon various grounds, but principally upon the ground that they are too vague, indefinite and lack essential factual allegations. Alternatively, a bill of particulars is sought under Rule 7(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

### Counts 1 to 48

Counts 1 to 48 charge violations of Section 78i(a) (1) (A) of Title 15, United States Code, which makes it unlawful to use "any facility of any national securities exchange * * *—(1) For the purpose of creating a false or misleading appearance of active trading in any security registered on a national securities exchange, or a false or misleading appearance with respect to the market for any such security, (A) to effect any transaction in such security which involves no change in the beneficial ownership thereof * * *." It may be noted at this point that while defendants

disavow any attack upon the statute, it has survived constitutional objections that it was vague, indefinite and failed to inform a person of the nature of the accusation against him.[3]

Rule 7(c) of the Federal Rules of Criminal Procedure provides:

"Nature and Contents. The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *"

The true test of the sufficiency of an indictment is (1) that it shall contain the essential elements of the offense charged with sufficient definiteness so as to enable the defendant to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.[4] The question at issue is whether the indictment meets the foregoing requirements.

The essential elements of an offense under Section 78i(a) (1) (A) are:

(1) That the defendant used the facilities of a national securities exchange;

(2) That he effected through such use a transaction in a security registered on the national securities exchange;

(3) That the transaction involved no change of beneficial ownership; and

(4) That the defendant wilfully and intentionally effected such transaction for the purpose of creating a false or misleading appearance of active trading in such security or a false and misleading appearance with respect to the market for such security.

The charging paragraph, which is realleged for each count, is couched substantially in the language of Section 78i(a) (1)

1. 15 U.S.C.A. § 78i.

2. 18 U.S.C.A. § 371.

3. United States v. Minuse, 2 Cir., 142 F.2d 388, certiorari denied 323 U.S. 716, 65 S.Ct. 43, 89 L.Ed. 576; Wright v. Securities & Exchange Commission, 2 Cir., 112 F.2d 89; Securities & Exchange Commission v. Torr, D.C., 15 F.

Supp. 315, reversed on other grounds, 2 Cir., 87 F.2d 446.

4. Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314; Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; Hagner v. United States, 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 524.

(A). Clearly, it sets forth each essential element of the offense charged. In addition, it names the New York Stock Exchange as the exchange used by the defendants and the common stock of Universal Laboratories, Inc., as the security registered on the said exchange as the subject matter of the transactions. The counts contain other facts, amplifying the charging paragraph. Each count states the date and the precise time when the transaction was effected. Count 1 is typical:

| Count | Date on which Transaction Was Effected | Approximate Time of Execution |
|---|---|---|
| 1 | September 14th, 1949 | 2:50 P.M. |

Thus, each count contains the name of the stock exchange, the stock which was traded, the date and the approximate time of the transaction. Notwithstanding this particularity, the defendants still urge dismissal for vagueness, lack of definiteness and because other particulars are not sufficiently defined. The asserted deficiency is the failure to allege the form of the transaction, whether a purchase, sale or otherwise; the number of shares involved in each transaction; the name of the alleged seller, purchaser, and the alleged beneficial owner. Undoubtedly, the indictment could have been made more definite by including some or all of this information. But the test of the sufficiency of an indictment is not whether it could have been made more definite or certain. This is the office of a bill of particulars.[5] The specificity formerly required to charge an offense is no longer needed or sanctioned.[6]

The precise form of the transaction and the means employed to avoid a change in beneficial ownership, the shares of stock involved in each transaction, the respective participants and other pertinent information, are all matters which may be ordered, if warranted, pursuant to Rule 7(f).

█ Nor does the fact that the indictment against these two defendants fails to specify which particular transaction was committed by which defendant require dismissal. Section 2 of Title 18, United States Code, makes one, who aids or abets an offense, or who causes an act to be done, which, if directly performed by him, would be an offense against the United States, a principal. Here, too, the desired information is properly the subject of a motion for a bill of particulars.

Finally, the defendants urge that the charging paragraph refers to "dates" and "transactions," whereas each count, which realleges the charging paragraph, sets forth a "date" and time of "transaction." Accordingly, they argue, that "it is impossible to tell" whether the indictment charges 48 separate offenses or one offense composed of 48 transactions, or both. It is clear that the charging paragraph is intended to allege facts for each enumerated count which, in turn, charges a single and separate transaction, and the fact that the plural was used incorrectly in the charging paragraph does not vitiate the 48 counts of the indictment. We are long past the day when such inadvertent grammatical errors will serve as the basis for a dismissal of an indictment.

The motion is denied as to these counts.

### Count 49

█ This count charges a violation by the defendants of Section 78i(a) (2), which prohibits "transactions in any security registered on a national securities exchange creating actual or apparent * * * trading in such security or raising or depressing the price of such security, for the purpose of inducing the purchase or sale of such security by others." Again, the count is charged substantially in the language of the statute. This section, too, has been upheld against the charge that it is unconstitutional

5. See Drown v. United States, 9 Cir., 198 F.2d 999.

6. Donnelly v. United States, 10 Cir., 185 F.2d 559.

on the ground that it is vague, uncertain and lacks definiteness.[7]

The defendants urge objections additional to those advanced against the first 48 counts. This count alleges that the defendants, "effected alone and with other persons, a series of transactions in the common stock of Universal Laboratories, Inc." The dates of the series of transactions are omitted and there is a failure to name the "other persons."

The essential elements of the offense charged are stated. The exchange and the securities which were the subject of the trading on the exchange to simulate the appearance of an active competitive market are set forth. The omission to specify the dates (unlike that in the first 48 counts) and the names of the other persons do not render this count defective. There is no requirement that an indictment set forth the evidentiary details to sustain a conviction.[8] Under appropriate circumstances, the details may be secured through a bill of particulars pursuant to the Rules.

### Count 50

█ Count 50 is the inevitable conspiracy charge. The defendants are charged with a conspiracy to violate Section 78i, which contains 12 or more prohibitions against manipulative practices. The defendants complain that this count fails to specify which particular offense it is charged they conspired to commit, although, it is apparent from paragraphs 2 and 3 of this count that the conspiracy was to effect a violation of Section 78i, subdivisions (a) (1) (A) and (a) (2), upon which the first 49 counts are predicated. However, the District Attorney has consented to file a bill of particulars specifying the latter sections. The service of such a bill will limit the offense charged accordingly.

In all other respects, this count is sufficient and meets the well-recognized tests of conspiracy indictments.[9] Fifteen overt acts are set forth giving the details with respect to persons, dates and places.[10]

The motion as to Counts 49 and 50 is denied.

### The Motion for a Bill of Particulars

█ Under the alternative motion, the two defendants seek minutae of evidence, which, with the subdivisions, total some 85 items, some of which duplicate others. Without detailing the particular items, it is sufficient to say that if these demands were granted, it would require a full dress rehearsal of the prosecutor's case in advance of trial. What I said in United States v. Rosenberg, D.C., 10 F.R.D. 521, 523, is particularly pertinent here:

"It would serve no useful purpose to enumerate all the thirty-five items which the defendants seek. Sufficient to say that most of them go far beyond anything to which the defendants are entitled. They demand detailed evidence of the overt acts set forth in the indictment. They seek evidential matters which in large measure would require the Government to submit to the defendants in advance of trial the proof upon which it would necessarily have to rely to establish a case against the defendants. This is not the purpose of a bill of particulars in a criminal case. Rubio v. United States, 9 Cir., 22 F.2d 766; Sawyer v. United States, 8 Cir., 89 F.2d 139."

The motion is granted only to the following extent:

With reference to each transaction referred to in Counts 1 to 48, set forth the following particulars:

1) The number of shares involved;

7. United States v. Minuse; Wright v. Securities & Exchange Commission; Securities & Exchange Commission v. Torr. Supra, footnote 3.

8. United States v. Rosenberg, D.C., 10 F.R.D. 521.

9. See Wong Tai v. United States, 273 U.S. 77, 81, 47 S.Ct. 300, 71 L.Ed. 545.

10. See United States v. Rosenberg, supra, footnote 8.

2) The nature of the transaction—whether sale or purchase or otherwise;

3) Which defendant participated therein and in what capacity—that is, as seller, purchaser or otherwise;

4) If any person, other than a defendant, acting for or on behalf of, or at the direction of, the defendants or either of them, effected the transaction, state

a) The name of such person;

b) The defendant on whose behalf or direction the said person participated therein;

5) The name of the beneficial owner of the security, and in what respect it is claimed the transaction involved no change in the beneficial ownership thereof.

As to Count 49:

6) State the dates and the hour thereof of each transaction constituting the series of transactions occurring between September 14, 1949 and December 1, 1949, specifying

a) The number of shares involved;

b) The nature of the transaction—whether sale or purchase or otherwise;

c) Which defendant participated therein and in what capacity—that is, as seller, purchaser or otherwise.

7) If any transaction was effected by the defendants with other persons, set forth the names of such other persons and the particular transaction.

Settle order on notice.