## TAYLOR v. UNITED STATES.

United States District Court
S. D. New York.
March 27, 1953.

8.   29 U.S.C.A. § 151.

9.   29 U.S.C.A. § 160.

10.   29 U.S.C.A. § 187.

.Florence M. Kelley, New York City (Charles Schinitsky, New York City, of counsel), for petitioner.

Myles J. Lane, U. S. Atty., New York City (Thomas F. Burchill, Jr., and Silvio J. Mollo, Asst. U. S. Attys., New York City, of counsel), for the U. S.

WEINFELD, District Judge.

This proceeding was instituted pursuant to Title 28 U.S.C. § 2255 by Courtney Townsend Taylor, petitioner, who originally appeared in person, to vacate and set aside a sentence of fifteen years imposed on June 22, 1951, by Judge Samuel H. Kaufman. The judgment of conviction was entered upon petitioner's plea of guilty to a 225 count Information charging interstate transportation of forged securities, 18 U.S.C. § 2314.

Upon a review of the petition as filed by the petitioner, sua sponte, I appointed an associate counsel of the Legal Aid Society, for the purpose of protecting petitioner's rights and interests and taking all the necessary steps in support of the motion so made. Under the terms of the order, the motion was set for oral argument on November 26, 1952, and pending such oral argument, the filing of affidavits in support and opposition to the motion, and a review of the files and records in the case, the determination of whether substantial issues of fact existed so as to require a hearing and the issuance of a writ ad testificandum to take the testimony of the petitioner, was held in abeyance.

The petition as controverted raised material issues of fact and, accordingly, I set the matter for hearing and directed that the petitioner be produced thereat. The hearing which has just been conducted has been held pursuant to the order so made and entered herein.

The substance of the petitioner's charges is three-fold:

(1) That he never competently and intelligently waived indictment and did not understand the nature of a waiver of indictment signed by him on June 14, 1951, and that had he known of its effect he would not have executed the waiver;

(2) That his waiver of counsel, both oral and in writing, despite Judge Kaufman's advice to him of his right to counsel and repeated offers at all stages of the proceedings to designate counsel, was the result of promises and threats by the Assistant United States Attorney;

(3) That the Information upon which he was prosecuted is invalid in that it lacks the essential elements necessary to charge an offense.

After hearing the petitioner, observing his appearance on the stand, his conduct and demeanor, I am persuaded that there is no substance whatsoever to the charges.

First, with respect to the waiver of indictment: Here there is no claim that any promise, threat or inducement was made to petitioner which led to the waiver. The claim is that he did not know and understand its effect, believing that he was, in fact, signing a waiver of his right to trial by jury; that he did not know the difference between a grand jury and a jury.

On all the evidence, I find that, on the contrary, the defendant was fully familiar with the difference between an Information and an Indictment, between a grand jury and a jury; that his frequent prior "brushes" with the law had acquainted him with the functions of each; that he knew and understood the effect of signing a waiver of indictment by a grand jury; and, further, that it was at his instigation and request that the prosecution was commenced by Information.

In April 1951, two months prior to the filing of the Information herein, while confined in a Rhode Island penitentiary, he contacted the FBI agent in charge of an investigation of his activities in an effort to secure favorable consideration with respect to pending complaints against him here and in other districts and requested that prosecution on such charges be by Information rather than Indictment. His suggestion was also intended to avoid delay in the commencement of the sentence imposed upon him by the District Court in Rhode Island.

Thereafter, at a conference in this district held on June 13, 1951, the nature of the waiver of indictment was emphasized by the Assistant United States Attorney. On June 14, 1951, the day following the conference, in open court before Judge Samuel H. Kaufman, petitioner signed a waiver of indictment, which he not only read but was astute enough to observe that the last date specified the year 1950, and then in his own handwriting inserted thereafter the numerals "1951" for the purpose, as expressed by him, of barring any other prosecution with respect to any other offense committed in this district up to the date of the signing of the waiver. The minutes show that the Court was zealous in protecting the rights of petitioner. In answer to the Court's inquiry, he acknowledged he was waiving presentment of his matter to the grand jury and that he refused counsel.

The Information was filed on June 21st, and a copy furnished to petitioner on that day. On June 22nd, in appearing before the Court for pleading, he acknowledged its receipt and that he had examined it. He was closely questioned by the Court to make certain that he understood the nature of the charge, and it is clear that he did. Again he declined counsel, and upon his plea of guilty, acknowledged that no promise of any kind had been made by the United States Attorney, the agents of the FBI or the Secret Service. In his presence, the Assistant United States Attorney noted that the defendant had signed a waiver of indictment which made the filing of the Information possible.

With respect to the charge that he declined assistance of counsel by reason of a promise or representation allegedly made by the Assistant United States Attorney, his contention appears to be that the latter had promised to recommend a sentence of eight years, and that it was upon such promise and in fear of receiving a greater sentence, if he indicated to the Court his desire to have counsel, that he declined counsel. The Assistant United States Attorney denied that any promise of any kind had been made. Upon petitioner's own version of the alleged promise of a recommendation, he concedes that he was told he might get more or less and that it would be up to the Judge. Petitioner also claims he was told that he did not need a lawyer, that it would take a lot of time, thus delaying the commencement of the Rhode Island sentence, and in any event would be of no benefit to him.

I find that no promise, representation or threat of any kind, or even a suggestion of one, was made to petitioner to induce him to forego his right to counsel. The minutes of the proceedings both on June 14th, when petitioner signed the waiver already referred to, and on June 22nd, on two separate occasions, first when he pleaded guilty and thereafter when he was sentenced, completely demolish his charges and demonstrate that the rights of petitioner were fully protected.

When petitioner signed the waiver of indictment on June 14th, Judge Kaufman apparently sensed that he might make such charges as are now presented and insisted that the petitioner, in addition to signing

the waiver of indictment, endorse in his own handwriting thereon his waiver of counsel. And this he did with the words, "waived and refused counsel." Judge Kaufman, with painstaking care, on June 22nd, the day of plea and sentence, three times asked if petitioner wanted counsel and on each occasion he declined. The refusal to have counsel was intentional on the part of the petitioner and reflected his own desires and volition. He knowingly waived his right to counsel.

That petitioner was not only fully aware of all proceedings, but that he was deliberate in his various acts, is evident from these circumstances:

(1) He first made sure all offenses occurring within the jurisdiction of this Court were to be included in the charges filed against him. This accounts for the 225 counts, the details of which were in the main supplied by the petitioner to make certain that no offense for which prosecution was possible was omitted from the Information;

(2) He requested that the United States Attorney in this district recommend that any sentence here imposed upon the 225 count Information also be deemed to include some 500 offenses committed in more than thirty other districts throughout the United States. Parenthetically, it is observed that the Assistant United States Attorney did request the Court in imposing sentence to take into consideration offenses in all other districts;

(3) Although by his own admission he knew within several days of his plea of guilty that the prosecution had been commenced by Information and was aware it was not an Indictment, he deliberately withheld bringing any proceeding under Title 28 U.S.C. § 2255, for the purpose of barring a new prosecution by reason of the expiration of the statute of limitations, a maneuver as to which he was misinformed.

These items have been mentioned to indicate that the petitioner is a shrewd, calculating and cunning individual and one who fully understood every single step

taken by him in connection with the waiver of indictment, his plea of guilty, his waiver of counsel and persistent refusal to accept the Court's offer to appoint one.

The charges are utterly without foundation in fact.

As to the attack upon the Information, I think this is without merit. It is entirely sufficient—it charges the essential elements of the offense and fully apprises the petitioner of the nature of the offense and is sufficient to bar any future prosecution with respect to any of the counts contained therein.[1]

However, with respect to Count No. 189, the plea must be upheld, since it appears that the offense was entirely intrastate.

The foregoing shall constitute the Court's Findings of Fact and Conclusions of Law.

The motion is denied, except as to Count No. 189.

Settle order on notice.

---

1. See United States v. Rosenberg, D.C., 10 F.R.D. 521; United States v. Shindler, D.C., 13 F.R.D. 292; Hyney v. United States, 6 Cir., 44 F.2d 134, 136.