**Courtney Townsend TAYLOR, Petitioner,**
v.
**UNITED STATES of America, Respondent.**

United States District Court
S. D. New York.

Dec. 9, 1954.

Courtney Townsend Taylor, pro se.

J. Edward Lumbard, U. S. Atty., New York City, Leon Silverman, Asst. U. S. Atty. New York City, of counsel, for respondent.

BICKS, District Judge.

Petitioner pleaded guilty on June 22, 1951 to an information containing 225 counts charging him with transporting and causing to be transported in interstate commerce falsely made and forged

securities[1], to wit, checks drawn on fictitious and non-existent bank accounts, and was committed by Judge Samuel H. Kaufman to the custody of the Attorney General for a term of fifteen years.[2]

In forced retirement from check writing activities, petitioner has turned his talents to drafting successive applications to this Court. This is the sixth in that series.

In the first, which was presented in July, 1951, he sought a reduction of the sentence imposed upon him urging, inter alia, that (a) he was being punished because of his prior criminal record and (b) the sentence was too severe because (i) he had cooperated fully with the Federal Bureau of Investigation and (ii) it was unlikely that he would be paroled. Judge Samuel H. Kaufman denied that motion in an opinion, D.C., 126 F.Supp. 927 dated August 14, 1951, stating in part:

"The Government recommended a sentence of 15 years. This, according to the defendant, was a fair recommendation *if it included consideration of the many other charges against him.* His only request was that the proposed sentence run concurrently with a sentence he was then serving. That request was granted."

In October 1952 he made a second motion, this time to vacate the judgment and commitment, pursuant to Title 28 U. S.C. § 2255 on the grounds, among others that: (1) the information did not state an offense cognizable under any federal statute; (2) he was denied due process of law in that he was not indicted and did not competently and intelligently waive indictment; (3) he was denied his constitutional right to be represented by counsel by reason of coercion, threats and promises by Government officials; (4) his plea of guilty was invalid because it was obtained by coercion, threats and promises by Government officials and (5) he did not know the charges to which he was pleading guilty. After a hearing, at which petitioner testified at length, Judge Edward Weinfeld denied said motion.[3] In the course of his opinion, D.C., 111 F. Supp. 159, 162, he observed that

"* * * the petitioner is a shrewd, calculating and cunning individual and one who fully understood every single step taken by him in connection with the waiver of indictment, his plea of guilty, his waiver of counsel and persistent refusal to accept the Court's offer to appoint one.

"The charges are utterly without foundation in fact."

On appeal this determination was unanimously affirmed. See United States v. Taylor, 2 Cir., 207 F.2d 437.

1. Title 18 U.S.C. § 2314
"Whoever, with unlawful or fraudulent intent, transports in interstate or foreign commerce any falsely made, forged, altered, or counterfeited securities, knowing the same to have been falsely made, forged, altered, or counterfeited; * * * shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

2. Petitioner's criminal record as disclosed to the sentencing Judge, follows:

| Year | State | Offense | Sentence or Time Served |
|---|---|---|---|
| 1925 | Connecticut | Breaking and entering | 2 years 5 months |
| 1929 | Ohio | Auto theft | 1 to 20 years (served 1 yr. 8 mos.) |
| 1931 | California | Mail theft | 2 years |
| 1933 | California | Mail theft | 3 years |
| 1937 | Ohio | Mail theft | 5 years |
| 1941 | Washington | Transporting false and forged securities | 2 years |
| 1944 | Various states | Transporting false and forged securities | 6 years |

3. As to count 189 of the information the motion was granted since the transaction referred to therein was wholly intrastate.

The third motion was made in June 1953. Title 28 U.S.C. § 2255 was again invoked, the contention on this occasion being that the maximum sentence the Court could have imposed was ten years because the information, although purporting to contain 225 counts, actually set forth only one count. This motion was denied by Judge Sidney Sugarman. Again the petitioner appealed and again the decision appealed from was unanimously affirmed. See United States v. Taylor, 2 Cir., 210 F.2d 110.

In September 1953 petitioner made his fourth motion. He then asserted that the certified copy of the commitment did not correctly reflect the sentence as recorded in the transcript of the proceedings on the occasion when the sentence was imposed. Said motion was denied by Judge John F. X. McGohey.

Still undaunted, the petitioner deluged this Court with a series of applications denominated variously as "Motion", "Supplementary Motion", "Motion to Amend Cause Now Filed in this Court Under Title 'Motion to Vacate Sentence October 13, 1953', and "Supplementary Motion II", which fell to the lot of Judge Sidney Sugarman for determination. In an opinion which bears date May 12, 1954, he held that but one ground was raised which had not already been passed upon by other judges of this Court, to wit, that the checks, concededly forged and cashed by petitioner in various places in and outside the Southern District of New York, were not "caused" by him to be transported to the respective districts in which the drawee banks were located but rather they were forwarded to the ultimate district by normal banking methods so that under the holding in United States v. Paglia, 2 Cir., 190 F.2d 445, 448, Section 2314 was not violated. Judge Sugarman denied the motions in all respects and on appeal his determination was unanimously affirmed. United States v. Taylor, 2 Cir., 217 F.2d 397.

Upon the instant motion it is the contention of petitioner that Title 18 U.S. C. § 2314 is couched in language so vague and uncertain that it violates the Fifth and Sixth Amendments of the Constitution. The vagueness and uncertainty, he alleges, stem from the holding in United States v. Sheridan, 329 U.S. 379, 67 S.Ct. 332, 91 L.Ed. 359, that one who, with unlawful or fraudulent intent, utters a forged check drawn upon an out-of-state bank thereby *causes* the same to be transported in interstate commerce. A "reasonable person" with unlawful and fraudulent intent bent upon swindling and uttering forged checks drawn on out-of-state banks, petitioner argues, cannot be expected to know that such activities fall within the condemnation of Section 2314.

█ This argument is patently without merit. While the section no longer makes reference to persons "causing" the forged security to be transported, the revisor's note thereto indicates that such reference was omitted as unnecessary in view of the definition of "principal" in Section 2 of Title 18 U.S.C.[4]

---

4. Title 18 U.S.C. § 2(a) "Whoever commits an offense against the United States, or aids, abets, counsels, commands, induces, or procures its commission, is a principal.
   "(b) Whoever causes an act to be done, which if directly performed by him would be an offense against the United States, is also a principal and punishable as such."
   The Revisor's note explains:
   "Section 2(b) is added to permit the deletion from many sections throughout the revision of such phrases as 'causes or procures'.

   "The section as revised makes clear the legislative intent to punish as a principal not only one who directly commits an offense and one who 'aids, abets, counsels, commands, induces or procures' another to commit an offense, but also anyone who causes the doing of an act which if done by him directly would render him guilty of an offense against the United States.

Section 2314 meets more than the minimal requirements for definiteness. In language unambiguous and unmistakeable it sets out the interdicted conduct. All that is required is that the language of the challenged statute convey sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. United States v. Petrillo, 332 U. S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877.

Having forged and uttered checks on out-of-state banks, petitioner must have intended that they be sent across state lines for collection. United States v. Taylor, supra.

It is to be noted that the defendant pleaded guilty to actually transporting as well as causing to be transported false and forged securities with unlawful and fraudulent intent. And, indeed, the petitioner does not argue that there can be any possible doubt as to the intendment of the statute with respect to a person guilty of transporting tainted securities.

Petitioner's other attacks on the constitutionality of Section 2314 and his demand for the convening of a three-judge statutory court to decide the issues are so totally devoid of merit as not to warrant discussion. This sixth post-judgment motion, it would appear, reflects a persistence bordering upon abuse of Section 2255.

The motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.

The petition is denied.

"It removes all doubt that one who puts in motion or assists in the illegal enterprise or causes the commission of an indispensable element of the offense by an innocent agent or instrumentality, is guilty as a principal even though he intentionally refrained from the direct act constituting the completed offense."