**UNITED STATES of America**

v.

**FORD MOTOR COMPANY.**

Cr. No. 807.

United States District Court
District of Columbia.

April 30, 1959.

Paul Owens and John Fricano, Dept. of Justice, Washington, D. C., for the United States.

James F. Reilly, Washington, D. C., for Arlington Motor Co. and others.

H. Graham Morrison, S. Abrams, R. Lichtman, Washington, D. C., for Ford Motor Co.

S. Jay McCathran, Jr., Washington, D. C., for Handley Motor Co.

C. Aiello, Washington, D. C., W. Bowie, Upper Marlboro, Md., for Norman Motor Co.

P. E. Hadlick, Washington, D. C., for Takoma Motor Co.

TAMM, District Judge.

The indictment returned in this case on September 3, 1958, named this defendant and seventeen others with having violated Section 3 of Title 15 United States Code, this section being a portion of the Sherman Anti-Trust Act. All other defendants have previously entered pleas of nolo contendere and are now out of this case as defendants but remain as co-conspirators.

The defendant Ford Motor Company has filed a motion for a bill of particulars pursuant to Rule 7(f), (Federal Rules of Criminal Procedure, 18 U.S.C.A.) relat-

ing to Count Three of the indictment in this case, this defendant having been named in Count Three only. Its requests for particulars, of which there are seven, may be classified under four main groups; namely, particulars as to the formation of the alleged conspiracy, particulars as to the entrance of this defendant into the alleged conspiracy, the means and methods employed by this defendant in carrying out the alleged conspiracy, and the period of time in which this defendant allegedly continued in the conspiracy.

 The Government, in its opposition to the foregoing motion, states: (1) that all requests should be denied because they call for a disclosure of evidentiary material; (2) that requests 1, 1a, 2, 3, 4, 5, 7a and 7b should be denied for these are matters which are peculiarly or equally within the knowledge of the defendant or which it has equal opportunity to discover; (3) that the information sought by requests 3, 4, 5, and 7a are, in effect, requests asking for particulars of overt acts in pursuance of the conspiracy and that the Government should not be required to furnish these, and (4) that the information sought by requests 7, 7a and 7b may be obtained from a reading of the indictment itself.

Request 1 of the defendant is as follows:

"(1) Specify the nature of the agreement or conspiracy alleged in Count Three, i. e., whether express or implied, oral or written.

"(a) If express, specify the time, place and circumstances of the formation of the alleged agreement and the names of all persons who are claimed to have joined in its formation.

"(b) If implied, specify each act allegedly performed by any defendant, including the names of all persons alleged to have performed such act, from which the formation or existence of the alleged agreement is inferred or implied.

"(c) To the extent written, identify all documents alleged to embody or set forth the terms of the alleged agreement, specifying the dates and parties to all such documents.

"(d) To the extent oral, specify the time, place and names of persons participating in each conversation through which the alleged agreement is claimed to have been formed and the substance of what was said."

The defendant has cited authority for the proposition that it has the right to know the nature of the act complained of (United States v. Balaban, D.C., 26 F. Supp. 491; United States v. Allegheny County Retail Druggists Ass'n, D.C., 12 F.R.D. 249; United States v. MacLeod Bureau, D.C., 6 F.R.D. 590), that is, whether it was express or implied, oral or written. It would seem to be fair and consistent with the purpose of a bill of particulars that the defendant be informed of the nature of the offense. The Government could disclose this without revealing any of its evidentiary material. Of course, it does not follow that requests 1(a) through 1(d) should be granted, as this would be a disclosure of the evidence upon which the Government intends to rely. The defendant does have some authority that evidentiary material may be disclosed when justice necessitates it, United States v. Balaban, D.C., 26 F. Supp. 491, but this Court does not believe that justice necessitates the disclosure of evidence in this case, and such disclosure would follow if requests 1(a) through 1 (d) were granted.

Finally, once the defendant is made aware of the nature of the offense, it would seem that such other particulars as it desires would be matters which it has in its own knowledge, or to which it has access.

 Request number 2 asks for, "the time, place and the names of the officers, or employees through whom it is claimed that defendant Ford Motor Company entered into the alleged agreement or conspiracy. State the names of all other

persons who were present at such time and place."

The Government has pointed out, quite correctly, that this alleged conspiracy—both in the number of parties comprising it and area size—is small, by comparison, to many of the factual situations revealed in the cases cited by the defendant where such information was divulged. This case, however, is not a situation that deals with branches of corporations that are spread throughout the country or even over a few states. In such a situation as the latter, it could possibly be understood that there could be a need or showing for names, times and places in order to apprise the defendants of what they should know. The belief of the Court in this case is best expressed by the following:

"A corporation can act only through its officers and agents, and appellant company at all times knew the names of its officers, agents, and employees. It also knew the scope of the authority of each of such persons. The names and various acts of such persons were peculiarly within the knowledge of appellant company. The trial court did not abuse its discretion, and the motion for a bill of particulars was properly overruled." Zito v. United States, 7 Cir., 64 F.2d 772–773.

Request number 3 is directed to paragraphs 30(b) and 30(e) of the indictment. Paragraph 30 of the indictment states the substantial terms of the combination and conspiracy, parts (b) and (e) thereof being two of the terms. Part (b) is: "To sell Ford parts and accessories to purchasers classified by defendant Ford dealers as authorized wholesale purchasers at the suggested wholesale list prices established by the Ford Motor Company." Part (e) is: "To utilize a Ford Parts Identification Card Program for the purpose of insuring that only persons classified as authorized wholesale purchasers would be permitted to purchase parts at the suggested wholesale list prices established by the Ford Motor Company."

In connection with these two subparagraphs, the defendant desires to know:

"The time, place and nature of each act allegedly performed by the Ford Motor Company, including the names of officers and employees through whom it is alleged to have acted, in connection with the alleged classification of purchasers of parts and accessories from defendant dealers and the alleged utilization of a Ford Parts Identification Card Program in this regard."

Requests four and five are similar to request three, except that request four refers to paragraph 30(d) and deals with the "alleged establishment of a uniform maximum discount in the sale of parts and accessories to insurance companies by defendant dealers," and request number five refers to paragraphs 30(b), (c) and (f) and deals with "the alleged agreement that defendant dealers would sell parts and accessories only at suggested list prices and grant no discounts from such prices, except in sales to insurance companies, in which case no discounts in excess of 15 per cent of the retail list price would be granted."

It seems to be quite obvious to this Court that this information which the defendant desires is within its own knowledge, or is readily ascertainable. The defendant relies upon the case of United States v. Smith, D.C., 16 F.R.D. 372, 375, among others. In the Smith case, Judge Whittaker stated:

"Nor is it any answer to a motion for a bill of particulars for the government to say: 'The defendant knows what he did, and, therefore, has all the information necessary.' This argument could be valid only if the defendant be *presumed to be guilty*. For only if he is presumed guilty could he know the facts and details of the crime. Instead of being presumed guilty, he is presumed

to be innocent. Being presumed to be innocent, it must be assumed 'that he is ignorant of the facts on which the pleader founds his charges.' [Citing cases] This conclusion seems to me to be elementary, fundamental and inescapable." (Emphasis supplied by that Court)

The wisdom of the reasoning of the Court in the above cited case is not questioned; however, the case of United States v. Greater Pittsburgh Linen Supply Ass'n, D.C., 10 F.R.D. 585, seems to be more appropriate in this case. At page 586 of that case, there is the following:

> "Moreover, most of the data requested should be within the knowledge of the defendants and of the Association, or its officers and agents, to whom each defendant member has or should have access; or it should be found among the records of the Association, which each member should be able to examine. From the detail already appearing in the indictment, no defendant should be prejudicially surprised if inquiry is made with reasonable diligence among the members of this Association.
>
> "Whether the Association or its members participated in the conspiracy as charged in the indictment is peculiarly within their knowledge. If defendants did not so conspire, they can readily defend against the charge so made."

■ This Court does not believe that the effect of the presumption of innocence is changed by requiring the defendant to take notice of its own business activities, investigate and ascertain from such investigation, the information which it seeks in requests three, four and five. Also, there appears to be sufficient detail in the indictment to serve as a basis upon which the defendant may investigate and determine the information by itself which it seeks through these three requests.

■ Request number six asks for the "means and method by which it is claimed that the conspiracy or agreement alleged in Count Three was carried out or sought to be carried out." The language of the Court in the case of United States v. Van Wagenen-Sager, D.C., 34 F.Supp. 735, is particularly appropriate in regard to this request. In that case, the defendants were charged with a conspiracy to violate the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The Court states at page 735:

> "The demands for particulars can be classed as requiring the time and place of the formation of the conspiracy; all acts of the co-conspirators tending to connect each of them to the alleged conspiracy and the names of those stated in the indictment as being 'to the Grand Jurors unknown', * * * The Government is not compelled, either by indictment or bill of particulars, to define the specific means employed in committing the offense. Moreover, I do not see how the Government could comply with the demands as framed, without injurious disclosure of its evidence."

The last request of the defendant, number seven, seeks information as to "whether it is claimed that defendant Ford Motor Company participated in the alleged carrying out or continuation of the agreement or conspiracy charged in Count Three." If the answer is in the affirmative, it then desires to know (a) the time, place and nature of each alleged act or participation, or act from which such participation is inferred, along with the names of officers and employees through whom the acts were allegedly performed, and (b) the period of such participation.

Part (a) of this request must be denied upon the same grounds as requests three, four and five were denied. Part (b) relating to the period of participation may obviously be obtained from a

reading of the indictment, as the Government has already pointed out.

■ One remaining point should be made, and that is, that in a case of this type, overt acts need not be alleged or furnished. To require a disclosure of overt acts would be a revelation of the evidence upon which the Government intends to rely. Also, the crime charged is a conspiracy—nothing else. In the case of United States v. MacLeod Bureau, D.C., 6 F.R.D. 590, 592, the defendants were indicted for violation of the Sherman Anti-Trust Act. The Court, in treating the motions for bills of particulars, stated:

"Particulars should not be required as to matters made clear in the indictment, nor matters which are not necessary to be proved by the government in order to gain a conviction. Thus in the present case, it is unnecessary for the government to prove any overt act was committed by the defendants or any of them in carrying out their alleged conspiracies. Such overt acts are merely evidence and the government should not be called upon to supply the defendants with its evidence so as to unduly limit the government's proof. United States v. General Electric Company, D.C., 40 F.Supp. 627."

This Court also feels that all the requests, except number one, should be denied on the ground that they call for a disclosure of evidentiary matter. True, the defendant has cited authority to the effect that when justice necessitates it, the information requested by way of a bill of particulars will be furnished even if it requires the disclosure of evidentiary material. This Court in this case does not believe that justice requires a disclosure of the material requested by the defendant nor has any sufficient basis for such disclosure been advanced by the defendant.

Counsel will submit the necessary order to effectuate the rulings of this memorandum opinion.