**UNITED STATES of America,**
v.
**Jane I. CUMMINGS, Defendant.**
**No. 69 Cr. 823.**

United States District Court
S. D. New York.

Dec. 30, 1969.

Robert M. Morgenthau, U. S. Atty., S. D. New York, for the United States by David A. Luttinger, Asst. U. S. Atty., New York City.

Sabbatino & Todarelli, New York City, for defendant.

MANSFIELD, District Judge.

Defendant, with two others, is charged in the first two counts of a three-count indictment with conspiracy to possess, and with aiding and abetting sale of, stimulant or depressant drugs, in violation of federal law (18 U.S.C. § 371) and with sale of 1,000 STP tablets and 100 LSD tablets in violation of 21 U.S.C. §§ 321, 331(q) (3) (A), 333(b) and 360a (c) (1). She moves for a bill of particulars (pursuant to Rule 7(f), F.R.Cr. P.), inspection of her written or recorded statements (pursuant to Rule 16(a), F.R.Cr.P.), a copy of the grand jury minutes and a severance (pursuant to Rule 14, F.R.Cr.P.).

■ In response to defendant's request for particulars, the Government has consented to furnish, in whole or in part, certain items. We find the concessions to be fair and reasonable and that defendant is not entitled to the items refused, since they seek evidence rather than facts needed to prepare for trial, avoid surprise, or enable defendant to plead double jeopardy, which is the essential function of a bill of particulars. United States v. Lebron, 222 F.2d 531, 535 (2d Cir.), cert. denied, 350 U.S. 876,

76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Crisona, 271 F.Supp. 150 (S.D.N.Y.1967); United States v. Rosenberg, 10 F.R.D. 521 (S.D.N.Y. 1950). Since the Government is not required to prove the name and address of contemplated or prospective purchasers, such information need not be supplied. United States v. MacLeod Bureau, 6 F.R. D. 590, 592 (D.Mass.1947); United States v. Ford Motor Company, 24 F.R.D. 65, 70 (D.D.C.1959). Names of witnesses, such as persons who were present during or participated in an alleged transaction, have traditionally been denied as strictly evidentiary in character. United States v. Kahaner, 203 F. Supp. 78, 84 (S.D.N.Y.1962) (names of persons with whom defendant conferred); United States v. Malinsky, 19 F.R. D. 426, 428 (S.D.N.Y.1936); United States v. Cimimo, 31 F.R.D. 277 (S.D. N.Y.1962); United States v. Crisona, *supra.*

■ In the absence of any showing of particularized need, or a gross and prejudicial irregularity influencing the grand jury, or some similar compelling reason, defendant's motion to have the court inspect the grand jury minutes must be denied. An indictment returned by a duly constituted grand jury is sufficient if it appears valid on its face. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956). There is no evidence that the indictment was obtained on the basis of insufficient testimony or hearsay evidence, and in any event such an occurrence would not necessarily justify dismissal of the indictment, United States v. Covello, 410 F.2d 536, 546 (2d Cir. 1969).

■ We also find no merit in defendant's contention that she would be prejudiced by trial of the issues raised in Count 3, in which she is not named, merely because it charges her codefendants with sale of a very substantial amount of illicit drugs, i. e., 3,000 LSD tablets. It is not disputed that Rule 8 permits joinder of such counts. Fur-

thermore, since Count 1 charges a conspiracy between all defendants to possess and sell such drugs the evidence with respect to the 3,000 LSD tablets would probably be admitted as proof of that charge. Since the case appears to be a relatively simple one, in which members of the jury, upon proper instructions by the court, could keep separate in their minds the proof with respect to Count 3, any possible prejudice that could occur as the result of a joint trial is outweighed by the public interest in avoiding unnecessary duplication and expense and the various factors that usually favor a joint trial. Finally, such a joint trial appears unlikely here. One defendant has pleaded guilty to all counts, another is a fugitive, and the Government is prepared to go to trial immediately against movant on Counts 1 and 2 alone.

For the foregoing reasons the motions are denied, except to the extent indicated.

It is so ordered.