## UNITED STATES v. GENERAL MOTORS CORPORATION et al.

### No. 2177.

District Court, N. D. Illinois, E. D.

March 13, 1942.

J. Albert Woll, Dist. Atty., of Chicago, Ill., for plaintiff.

Ernest S. Ballard, Herbert Pope, John Thomas Smith, and Henry M. Hogan, of Pope & Ballard, all of Chicago, Ill., for defendants.

HOLLY, District Judge.

Plaintiff by its amended complaint (hereinafter referred to as the complaint) charges the defendants with a combination and conspiracy in restraint of interstate trade and commerce. Defendants have filed their motion for a bill of particulars and to strike certain portions of the complaint.

Under the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, all that is necessary in the complaint is that it set forth in a general way the facts upon which plaintiff bases his claim for relief and with sufficient certainty to enable it to answer yes or no (see forms set forth in appendix to Rules). If it does that defendant is not entitled to a bill of particulars.

Defendants ask that plaintiff be required to state specifically whether the conspiracy complained of is a violation of the Sherman Law, 15 U.S.C.A. § 1, because its purpose is to restrain interstate commerce or because its effect is to restrain such commerce. I do not think defendants are entitled to such a statement. The Sherman Law provides that every contract or combination in restraint of trade or commerce is unlawful. The complaint sets out certain specific agreements between the defendants and that is all that is necessary. If the effect of those agreements was to unreasonably restrain interstate commerce, the purpose of the defendants is immaterial.

It is complained by defendants that they are unable to ascertain from the complaint whether the Government intends to charge a conspiracy in restraint of trade or commerce in General Motors automobiles from factory to dealer or from dealer to retail purchasers or from factory through dealer to retail purchaser or restraint of trade and commerce in used automobiles from dealer to retail purchaser. But the complaint does set forth in Paragraph 21 specific agreements which it is charged defendants entered into and that is sufficient. It is not necessary for the Government to set out what it considers the effects of such agreements to be.

Defendants insist that no facts are set forth showing that General Motors Acceptance Corporation is engaged in interstate commerce. There is a general allegation to that effect and the Acceptance Corporation knows whether it is so en-

348

gaged and can answer the charge without the assistance of a bill of particulars. Further, one may conspire with others to restrain interstate commerce though he may not himself be engaged in that commerce.

 Defendants say also that it is impossible to determine from the complaint whether the Government intends to charge a violation of this, that or the other section of the Clayton Act, 38 Stat. 730, or a violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note. It is not necessary for the Government to set out its conclusions as to what laws or parts of laws it claims have been violated. It is only necessary that it set out the ultimate facts upon which it bases its prayer for relief.

A specific charge of vagueness is that in paragraph 20 of the complaint it is stated, " * * * and defendant, General Motors Corporation, with the participation of the other defendant has acquired the whole and a part of the stock and other share capital of defendant, General Motors Acceptance Corporation, while said corporations were engaged in interstate commerce; and while defendant, General Motors Corporation, held said stock and other share capital and a part thereof it acquired the stock and other share capital and part thereof in another corporation also engaged in said interstate commerce under conditions forbidden by and in violation of Section 7 of the Clayton Act [15 U.S.C.A. § 18], aforesaid." And defendants say that this is ambiguous in that it fails to state definitely whether the acquisition by General Motors Corporation of the stock of General Motors Acceptance Corporation is charged as a violation of Section 7 as well as the acquisition by General Motors Corporation of the stock of another corporation while it held stock of General Motors Acceptance Corporation, or only the latter. The allegation is not so ambiguous that defendants cannot answer the plain allegation of fact concerning the acquisition of the stock and nothing more is required of them at this time.

I have not noted all of the items mentioned by defendants in the motion for a bill of particulars. In general I think the complaint is sufficient to enable the defendants to answer and have mentioned enough of the items to indicate my reasons as to the remaining items.

The motion for a bill of particulars will be denied.

Defendants have moved to strike certain portions of the complaint. I am of the opinion that the phrase in paragraph 21(a) "and the plaintiff alleges further that other deceitful and unlawful practices in and effecting interstate trade and commerce and restraining the same have been perpetrated by said defendants as a part of their association as aforesaid" should be stricken.

Also paragraphs 22 to 27 inclusive are too general and indefinite to require an answer and should be stricken.