## UNITED STATES v. ALLEGHENY COUNTY RETAIL DRUGGISTS' ASS'N et al.

Cr. 13470.

United States District Court
W. D. Pennsylvania.

Feb. 19, 1952.

Edward C. Boyle, U. S. Atty., and William L. Maher, of Philadelphia, Pa., for plaintiff.

James P. Ifft, Jr., of Pittsburgh, Pa., for defendant Allegheny County Retail Druggists' Ass'n.

Louis Caplan, and Samuel Kaufman, of Pittsburgh, Pa., for defendant, Federal-Rice Drug Co.

John G. Buchanan, William K. Unverzagt, and John G. Buchanan, Jr., and Smith, Buchanan, Ingersoll, Rodewald & Eckert, all of Pittsburgh, Pa., for defendant, George A. Kelly Co.

Kenneth G. Jackson, Thorp, Reed & Armstrong, of Pittsburgh, Pa., and C. Frank Reavis, Hodges, Reavis, Pantaleoni & Downey, of New York City, for defendant, McKesson & Robbins, Inc.

J. R. Van Kirk and Lester K. Wolf, J. M. Stoner & Sons, of Pittsburgh, Pa., for defendant, Shipley Wholesale Drug Co.

Jacob A. Markel, Edward S. Boas and Markel & Markel, of Pittsburgh, Pa., for defendant, Rand's.

J. Wray Connolly, Moorhead & Knox, of Pittsburgh, Pa., for defendant, Sun Drug Company, Inc.

Abe R. Cohen and Crone & Cohen, of Pittsburgh, Pa., for defendant, Thrift Drug Co.

BURNS, District Judge.

The considerations which govern the disposition of motions for bills of particulars are set forth fully and adequately by Judge Medina in United States v. Metropolitan Leather & Find. Ass'n, D.C., S.D.N.Y., 1949, 82 F.Supp. 449, and need

not be here repeated. In making my ruling upon the motions before me, I have operated under the theory that my discretion should be exercised to the extent of requiring the Government to surrender such information, and only so much information, as will afford the defendants, by the use of diligence, reasonable opportunity adequately to prepare their case for trial.

In the case at bar, defense counsel have made strong representations with respect to the amount of possibly futile investigation and preparation for trial, because of the nature of the products involved and because defendants themselves are not all engaged in similar phases of marketing of drug store supplies. I believe the Government is in a position to particularize to some extent without affecting adversely its presentation of the case.

## Order

■■■ And now, February 19, 1952, the Government is ordered to do the following:

(1) The Government shall make clear whether defendant McKesson & Robbins, Inc. is charged with violation of the law in its capacity as a manufacturer of drug store merchandise, or whether defendant McKesson & Robbins, Inc. is charged only as a distributor of such merchandise within the Pittsburgh area, as defined in Paragraph 7 of the Indictment.

(2) The Government shall make available to each defendant desiring the same, for photostating and copying, all documents held in the custody of the Clerk of this court by virtue of the impounding order heretofore issued by this court. Any such photostating or copying is to be done at the expense of the defendant desiring same, except as to documents hereinafter described in the paragraph of this Order numbered "3". No defendant, however, will be permitted to inspect, copy, or photograph confidential sales or trade information of another defendant.

(3) Pursuant to an agreement heretofore reached during a preliminary discussion of this case, the Government shall, on March 11, 1952, indicate to the defendants which documents it intends to use during the trial of the case; and, at Government expense, the Government will furnish a photostatic copy of each of said documents to counsel of record for each defendant. In the event that bulky documents are involved, only that portion which the Government intends using at the trial need be furnished by the Government. Subsequently, and at least five days before the trial begins, the Government shall indicate, to each counsel of record for defendants, the number which the Government is affixing to each of the documents for trial purposes, i. e., the Government exhibit number which the Government expects each of the aforementioned documents to bear.

(4) If same has not already been done, the Government shall give to each of the defendants a list of the individuals who it believes comprised the committee referred to in Paragraph 19(b) of the Indictment.

(5) In so far as the Government has knowledge at this time, the Government shall furnish to each defendant the names of all individuals who attended any meetings allegedly held in whole or in part in furtherance of the alleged conspiracy. In this connection, the Government should indicate the city and approximate date where each such meeting was held.

(6) The Government shall indicate whether it intends to offer evidence as to any acts, actions, or statements of the defendants or co-conspirators in furtherance of the said alleged conspiracy prior to May 1, 1951. This directive shall not foreclose the Government from offering at the trial any pertinent and admissible evidence designed to furnish background information, as contrasted with evidence relating to the alleged conspiracy itself.

(7) The Government shall indicate whether it is charging that a particular price for a specific item of drug store merchandise was agreed upon between defendants. If the Government is so charging, it shall identify generally the items involved.

(8) The Government shall furnish a list of the members and officers of the Association who are included among the alleged co-conspirators, as defined in Paragraph 6 of the Indictment, unless such list is included in the records of the Association and thereby available to all defendants.

(9) The Government shall state whether the alleged agreement was written, or oral, or a combination thereof. In so far as the alleged agreement was written, the Government shall make it available to defendants, or furnish copies thereof to defendants, as required by the paragraphs above numbered "2" and "3".

(10) The Government shall furnish the names of all officers or employees of any defendant who allegedly took part in any of the activities charged in the indictment.

(11) The Government shall state, in so far as it has knowledge, when each defendant joined the alleged conspiracy and, if appropriate, when each left said alleged conspiracy.

(12) Should any supplemental information come to the attention of the Government at any time prior to the trial, the Government shall have the right and duty to furnish such pertinent information, as though that information had been possessed by the Government at the time of the entering of this order.