**UNITED STATES of America,**

v.

**The AMERICAN OIL COMPANY et al.,
Defendants.**

**Crim. A. No. 153–65.**

United States District Court
D. New Jersey.

Oct. 20, 1966.

See also 253 F.Supp. 783.

------

David M. Satz, Jr., U. S. Atty., by Donald Horowitz, Asst. U. S. Atty., Bernard Wehrmann, Dept. of Justice, for the Government.

McCarter & English, by Merritt Lane, Jr., Newark, N. J., for Atlantic Refining Co. and Howrey, Simon, Baker & Murchison, by Harold F. Baker, Terrence C. Sheehy, Washington, D. C., Edward J. Kremer, Jr., Philadelphia, Pa., of counsel.

Pitney, Hardin & Kipp, by Donald B. Kipp, Newark, N. J., for Sinclair Refining Co. and Wickes, Riddell, Bloomer, Jacobi & McGuire, by Harold F. McGuire, D. K. McIntosh, Frank R. Clampitt, J. Howard Marshall, Jr., New York City, of counsel.

Carey & Jardine, by Robert Carey, Jr., Newark, N. J., for Gulf Oil Corp. and Kissam & Halpin, by Leo T. Kissam, Anthony S. Genovese, Frederick L. Scofield, Arthur Vangeli, New York City, Jesse P. Luton, Jr., Pittsburgh, Pa., of counsel.

Stickel & Stickel, by Fred G. Stickel, Jr., Newark, N. J., for American Oil Co. and Kirkland, Ellis, Hodson, Chaffetz & Masters, by Hammond E. Chaffetz, Chicago, Ill., Ronald S. Daniels, New York City, Sam L. Erwin, Chicago, Ill., of counsel.

Milton, Keane & DeBona, by Joseph Keane, Jersey City, N. J., for Cities Service Oil Co. and for Cities Service Co. and Paul, Weiss, Rifkind, Wharton & Garrison, by Simon H. Rifkind, Jay H. Topkis, George H. Colin, New York City, of counsel.

Stryker, Tams & Dill, by William L. Dill, Jr., Newark, N. J., for Humble Oil and Refining Co. and Milbank, Tweed, Hadley & McCloy, by A. Donald MacKinnon, Henry F. Hartmann, New York City, Dillard W. Baker, Houston, Tex., of counsel.

Riker, Danzig, Scherer & Brown, by Dickinson R. Debevoise, Newark, N. J., for Socony Mobil Oil Co., Inc. and Dewey, Ballantine, Bushby, Palmer & Wood, by John E. F. Wood, Edward N. Sherry, Charles F. Rice, New York City, of counsel.

On Defendants' Motion For Bill of Particulars And Impounding Order

## OPINION

WORTENDYKE, District Judge:

This action arises upon an indictment, filed April 8, 1965, charging the defendant corporations and unnamed co-conspirators with having engaged in a combination and conspiracy (1) in unreasonable restraint of interstate trade in gasoline in violation of Section 1 of the Sherman Act,[1] and (2) to monopolize interstate trade and commerce in gasoline in violation of Section 2 of the Act. The defendants are also charged, in Count III of the indictment, with having attempted to monopolize interstate trade and commerce in gasoline in violation of Section 2 of the Act.

Defendants heretofore moved to dismiss Count I of the indictment for failure to state the essential facts constituting the offense charged therein with sufficient definiteness, certainty and clarity. Certain of the defendants heretofore moved to dismiss Counts II and III of the indictment upon the asserted ground that neither of those counts charged an offense by reason of failure to allege the essential elements of the offenses charged, and failure to allege with sufficient definiteness, certainty

1. Sherman Anti-Trust Act, 15 U.S.C. § 1 et seq.

and clarity what in fact the said defendants did, or agreed to do, which constituted the violations charged in said counts. All of said prior motions were denied upon this Court's opinion filed on January 26, 1966.

All of the defendants have now moved the Court, pursuant to Rule 7(f), F.R. Cr.P., for an order directing that the Government furnish to the defendants a Bill of Particulars of the claims of the Government comprehended within the allegations of each of the counts of the indictment. The defendants also move the Court for an order directing that such particulars as may be furnished by the Government be impounded until the further order of this Court, to be entered after trial of this action and final judgment therein.

The pending motions have been submitted to the Court without oral argument upon the written motions and briefs in behalf of the parties.

## MOTION FOR BILL OF PARTICULARS

This motion is grounded upon the contention of the defendants that the particulars which they seek are required in order to: (1) adequately apprise each defendant of the Government's claim as to the nature and cause of the accusation against it, (2) permit each defendant to adequately prepare its defenses, (3) avoid prejudicial surprise at the trial, (4) avoid confusion at, and clarify the issues for, trial and (5) protect each defendant against a second prosecution for the same offense.

The motion papers have conveniently related the particulars sought to the respective counts of the indictment, and to the respective allegations therein, by designating the respective counts, lettering the respective allegations, and enumerating under each lettered allegation the respective particulars sought with respect thereto. Such designations will be used in this opinion for convenience in disposing of the respective inquiries.

In its memorandum in opposition to the motion for a Bill of Particulars, the Government has expressed its consent to answer some of the inquiries constituting the demands for particulars, and has used the count, letter, and numeral designation for each of the demands to which its consent relates. The Court, therefore, is only called upon to rule upon the demands which the Government contends are improper.

## COUNT I

█ *A(2):* This demand is proper and should be complied with to the extent that it requests the Government to state each act performed by each co-conspirator in furtherance of the offense charged in the First Count, to include the time when and the place where each such act occurred, and the identity of all persons participating therein. Such information should be furnished. However, the same demand requests the Government to specify separately, as to each co-conspirator, each statement made in furtherance of the offense charged, and to disclose the substance of the statement if oral, and the identification of the documents embodying such statement if written. The request for statements, as well as the request for the contents thereof, seeks information beyond the appropriate limits of a Bill of Particulars and is properly refused.

█ *B(2):* Insofar as this demand seeks disclosure of the length of time during which the conspirators have been engaged in the alleged conspiracy and, if not so engaged throughout the duration of the conspiracy, the times of each co-conspirator's joinder and withdrawal from the conspiracy, the inquiry should be responded to.

█ *B(3):* If, by the "act" by which each conspirator joined the alleged conspiracy, the defendants mean a meeting of persons, or course of correspondence, or exchange of documents resulting in a combination, the information should be furnished. If, however, no such "act" transpired, the Government should so state.

*B(4):* This demand is proper and should be complied with. The Govern-

ment has already consented to state the date when the conspiracy began. The date when each alleged conspirator first joined the conspiracy, if known, will have been disclosed in the responses to demands B(2) and B(3). The demand in B(4) for disclosure of the first date known upon which each conspirator initiated his participation in the conspiracy is equally the appropriate subject of inquiry with that sought in B(2) and B(3) respectively.

*C1(b):* The Government consents to state whether the "continuing agreement" referred to in the indictment was expressed and, if so, whether it was oral or written, or partly oral and partly written. The Government however objects to the disclosure of all written documents evidencing the continuing agreement, and the content of all oral statements forming a part of such continuing agreement. The requested information is appropriate for disclosure by way of a Bill of Particulars, especially in view of the non-specific character of the indictment and the nature of the causes of action set forth therein.

■ *C1(c):* This demand, which seeks the substance of an implied continuing agreement and an identification of the documents or acts from which it is implied, is improper and need not be complied with.

*C3:* Equally improper is the demand contained in C3.

*C5, 6 and 7:* These demands are substantially and intimately related to the particulars which the Government has agreed to furnish responsive to demand C4 and its various subdivisions. They should be complied with.

*C8(a), (b) and (c):* These are also substantially and intimately related to the particulars to be furnished to the defendants responsive to C6 and appropriately the subject of inquiry.

*D1, 2, 3, 4, 5 and 6:* The lack of specificity characterizing paragraph 15 of the indictment and the inclusion therein of the word "things", to which the demands immediately under considera-

tion relate, entitle the defendants to compliance with the demands for particulars with respect to paragraph 15.

*E(1):* This inquiry should be answered to permit defendants to adequately prepare for trial.

*E(3), (5), (7) and (9):* These also are appropriate demands for particulars and should be answered.

*E(2), (4), (6), (8) and (10):* These need not be answered because the allegations of the indictment sufficiently apprise defendants of the information sought to enable each of them to understand the offense charged and to prepare its defenses thereto.

*F:* This demand is proper because it relates to the allegation of the indictment that the offense charged in the First Count was carried out in part within the District of New Jersey while the interstate business, alleged to have been affected by the conspiracies and attempts to monopolize, extended throughout the States of New Jersey, Pennsylvania, and Delaware.

## COUNT II

*G(2):* This demand is proper and should be complied with to the extent that it requests the Government to state each act performed by each co-conspirator in furtherance of the offense charged in the First Count, seeks the time when and the place where each such act occurred, and the identity of all persons participating therein. Such information should be furnished. However, the same demand requests the Government to specify separately, as to each co-conspirator, each statement made in furtherance of the offense charged, and to disclose the substance of the statement if oral, and identification of the documents embodying such statement if written. The request for statements, as well as the request for the contents thereof, seeks information beyond the appropriate limits of a Bill of Particulars and is properly refused.

*H(2):* Insofar as this demand seeks disclosure of the length of time during which the conspirators have been en-

gaged in the alleged conspiracy and, if not so engaged throughout the duration of the conspiracy, the times of each co-conspirator's joinder and withdrawal from the conspiracy, the inquiry should be responded to.

*H(3):* If, by the "act" by which each conspirator joined the alleged conspiracy, the defendants mean a meeting of persons, or course of correspondence, or exchange of documents resulting in a combination, the information should be furnished. If, however, no such "act" transpired, the Government should so state.

*H(4):* This demand is proper and should be complied with. The Government has already consented to state the date when the conspiracy began. The date when each alleged conspirator first joined the conspiracy, if known, will have been disclosed in the responses to demands B(2) and B(3). The instant demand for disclosure of the first date known upon which each conspirator initiated his participation in the conspiracy is equally the appropriate subject of inquiry with that sought in B(2) and B(3) respectively.

*I1(c):* This demand, which seeks the substance of an implied continuing agreement and an identification of the documents or acts from which it is implied, is improper and need not be complied with.

*I3:* This request which is similar to that contained in C3 is likewise improper.

*I5, 6 and 7:* Each of these demands is substantially and intimately related to the particulars which the Government has agreed to furnish responsive to demand I4 and its various subdivisions; therefore I5, 6 and 7 should be complied with.

*I8(a), (b), and (c):* These requests are also substantially and intimately related to particulars responsive to I6 above, and appropriately the subject of inquiry.

*I9, 10, 11, and 12:* These need not be answered because compliance therewith

would involve an unwarranted intrusion into the Government's evidence.

*J1–6:* These demands are couched in language similar to that in which demands D1 through 6 are expressed. Similarly, the lack of specificity characterizing paragraph 23 of the indictment and the inclusion therein of the word "things", to which the demands immediately under consideration relate, entitle the defendants to compliance with the instant demands.

*K1:* This inquiry should be answered to permit defendants to adequately prepare for trial.

*K3, 5, 7 and 9:* These also are appropriate demands for particulars and should be answered.

*K2, 4, 6, 8 and 10:* These need not be answered because the allegations of the indictment sufficiently apprise defendants of the information sought to enable each of them to understand the offense charged and to prepare its defenses thereto.

*L:* For the reason stated in the disposition of demand F, *ante,* this should be responded to.

## COUNT III

*M:* The Government has consented to respond to demands numbered 1, 5 and 6 of category lettered M. It should also answer demands numbered 2, 3 and 4 thereunder.

*N1(a):* By reason of the incorporation by reference, in paragraph 28 of the indictment, of the allegations of paragraphs 22 and 23 thereof, this demand should be responded to in the interest of clarity.

*N1(b):* In composing this demand, defendants attempt to incorporate by reference the demands set forth under Section I of their written motion for their Bill or Particulars. The Court disposes of the demands so incorporated as it did with regard to similar demands in Section I *ante.*

*N1–6:* These demands should be responded to for the reasons stated in the

Court's disposition of demands D1-6 *ante.*

*N8:* This demand inquires whether the reference, in paragraph 28 of the indictment, to paragraphs 22 and 23 thereof is intended to include the co-conspirators mentioned in such paragaphs. The obscurity of this portion of the demand is probably justified by the obscurity of the language of the indictment paragraph referred to therein. A responsive answer to the instant inquiry should be given. However, the remainder of the instant demand entitles the defendants only to the name, address, and nature of business of the co-conspirators referred to.

*O:* The practice of incorporation of indictment allegations in one count by reference to another count, or other counts, has apparently suggested a similar practice to the presently moving defendants who, under Section O of their pending motion, request that the Government "give the same information as is requested in Sections K and L" thereof. The parties are therefore referred by the Court to its disposition of said Sections K and L *ante.*

The defendants also presently move the Court for an order directing that the particulars, which the Government may furnish responsive to defendants' demands therefor as allowed by the Court, "be impounded until further order of this Court, entered after trial of this action and final judgment herein; * * *." The impounding sought is motivated by the natural desire of each of the defendants to prevent possible private treble-damage plaintiffs from deriving any benefit from the present. cause unless and until it shall have reached final judgment. 15 U.S.C. § 16(a) provides that a final judgment or decree rendered in any civil or criminal proceeding brought by or on behalf of the United States under the anti-trust laws " * * * * to the effect that a defendant has violated said laws shall be prima facie evidence against such defendant in any action or proceeding brought by any other party against such defendant under said laws or by the United States under Section 15a * * *, as to all matters respecting which said judgment or decree would be an estoppel as between the parties thereto: * * *." The foregoing provisions have been construed, Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 567–568, 71 S.Ct. 408, 95 L.Ed. 534 (1951) reh. denied 341 U.S. 906, 71 S.Ct. 610, 95 L.Ed. 1345 (1951), as expressive of the Congressional purpose to minimize the burdens of litigation for injured private suitors by making available to them all matters previously established by the Government in anti-trust actions. See also Minnesota Min. & Mfg. Co. v. New Jersey Wood Finishing Co., 381 U.S. 311, 85 S.Ct. 1473, 14 L.Ed.2d 405(1965).

Such particulars as the Government may furnish to the defendants in this pending criminal action will not constitute evidence therein. They will serve only to limit the Government's proof and to assist the defendants in preparing their defenses. Such particulars, and the document or documents embodying the defendants' demands therefore, become part of the pretrial record in the cause. They are, therefore, equally open to public inspection as are the indictment and the plea or pleas thereto. In support of their application for a protective impounding order, defendants rely upon United States v. Anaconda American Brass Co., Criminal #10725 (D.Conn.1963) and United States v. Archer-Daniels Midland Co., Criminal #8627 (W.D.N.Y.1963).[2] I do not consider myself bound by either of these decisions. It is well understood that a criminal defendant may not obtain evidence which the Government may bring to use upon the trial by demanding a bill of particulars. Such particulars as the Government may voluntarily furnish to the defendants, or which may be required by the Court's order, would not be admissible as evidence against the

---

2. It appears that these cases are unreported.

defendants in a private civil action under the statute. Defendants have failed to show any fact, or cite any authorities, which would justify this Court in surrounding with the secrecy of an impounding order either the demands for particulars, or the particulars themselves, on file in the office of the Clerk of the Court in this pending cause. Accordingly, the motion for an impounding order is denied.