Frank Oliver, Gerald Werksman, Chicago, Ill., for defendant-appellant.

Thomas A. Foran, U. S. Atty., William T. Huyck, Chicago, Ill. (John Peter Lulinski, Michael B. Nash, Asst. U. S. Attys., on the brief), for plaintiff-appellee.

Before SWYGERT, CUMMINGS and KERNER, Circuit Judges.

PER CURIAM.

Defendant-appellant, John Vincent Rimanich, was found guilty by a jury of violating 18 U.S.C. § 2113(a), (b), armed robbery of a Federal Savings and Loan Association, and from this conviction he appeals, alleging two errors: the failure to grant a bill of particulars and the giving of an instruction as to the defendant's right not to testify.

The defendant, acting pro se, requested a bill of particulars in which he asked for the names and addresses of each bank employee who was jeopardized by defendant as charged in the indictment;

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Vincent RIMANICH, Defendant-Appellant.**

**No. 16956.**

United States Court of Appeals, Seventh Circuit.

Jan. 27, 1970.

and the names and addresses of each non-employee present in the bank at the time the alleged crime was committed.

The district court over the objection of the government that the defendant was seeking a list of government witnesses granted the request. On the day the government was scheduled to answer it moved to vacate the order but the court denied the motion and ordered the government to have the list next morning. On the following day, in response to the government's third motion, the district court vacated the order as to the names and addresses of the customers in the bank on the grounds that it did not have authority to order production of these names and its attempt to persuade the government to produce the names failed.

 The district judge has discretionary power in granting a bill of particulars. Downing v. United States, 348 F.2d 594 (5th Cir. 1965). Although it is not uncommon for the government to be required to disclose the names of some potential witnesses in a bill of particulars where that information is necessary for a defendant's preparation, Will v. United States, 389 U.S. 90, 99, 88 S. Ct. 269, 19 L.Ed.2d 305 (1967), we do not consider the refusal of the district judge in this case to constitute an abuse of his discretion. *Cf.* United States v. Cansler, 419 F.2d 952, 954 (7th Cir. 1969).

Defendant's second allegation of error is that the district court over defendant's objection gave the following instruction:

A defendant has the absolute right not to testify, and the jury must not draw a presumption of guilt or any inference against the defendant because he did not testify.

While the instruction itself is proper, the defendant contends it should not have been given over his objection. The instruction is thought to be helpful rather than prejudicial, United States v. Wick, 416 F.2d 61 (7th Cir. 1969), and we have not found it to be error to give

it over defendant's objection. United States v. Schwartz, 398 F.2d 464, 469–470 (7th Cir. 1968).

For the reasons set forth herein, the decision of the district court is affirmed.

Affirmed.