UNITED STATES of America

v.

GREATER SYRACUSE BOARD OF RE-ALTORS, INC., Gallinger Real Estate, Inc., Eagan Real Estate, Inc., A. Menter Real Estate, Inc., Clark Real Estate Onondaga, Inc., Dewitt Real Estate Inc., Blatchford Realty Co., Inc., Longley-Jones Associates, Inc., L. D. Marshall Real Estate, Inc., Olson-Peck, Inc., John M. Gallinger, Thomas E. Teelin, Fred E. Woods, John M. Peiffer, Jr., and Walter J. Hansen, Jr., Defendants.

No. 77–CR–57.

United States District Court,
N. D. New York.

Aug. 23, 1977.

378

Melvin Lublinski, Dept. of Justice Atty., Antitrust Div., New York City, for United States of America.

Paul R. Shanahan, Syracuse, N. Y., for Greater Syracuse Board of Realtors, Inc.

Lombardi, Devorsetz, Stinziano & Smith, Syracuse, N. Y., for Gallinger Real Estate, Inc. and John M. Gallinger; Eric T. Dadd, Syracuse, N. Y., of counsel.

Hancock, Estabrook, Ryan, Shove & Hust, Syracuse, N. Y., for Eagan Real Estate, Inc.; William L. Allen, Jr., Syracuse, N. Y., of counsel.

Ali, Gerber, Pappas & Cox, Syracuse, N. Y., for A. Menter Real Estate, Inc.; Edward F. Gerber, Syracuse, N. Y., of counsel.

Mackenzie, Smith, Lewis, Michell & Hughes, Syracuse, N. Y., for Clark Real Estate Onondaga, Inc.; George R. Wolff, Syracuse, N. Y., of counsel.

Langan, Grossman, Kinney & Dwyer, Syracuse, N. Y., for DeWitt Real Estate, Inc.; Richard D. Grossman, Syracuse, N. Y., of counsel.

Bruce O. Jacobs, Syracuse, N. Y., for Blatchford Realty Co., Inc.

Sugarman, Wallace, Manheim & Schoenwald, Syracuse, N. Y., for Longley-Jones Associates, Inc.; Alan J. Goldberg, Syracuse, N. Y., of counsel.

Edmund H. Jeschke, Syracuse, N. Y., for L. D. Marshall Real Estate, Inc.

Bond, Schoeneck & King, Syracuse, N. Y., for Olson-Peck, Inc.; Francis E. Maloney, Jr., Syracuse, N. Y., of counsel.

Hoffmann, Hubert & Hoffmann, Wilfred E. Hoffmann, Syracuse, N. Y., for Thomas E. Teelin.

John E. Shaffer, Syracuse, N. Y., for Fred E. Woods.

Robert W. Hartnett, Syracuse, N. Y., for John M. Peiffer, Jr.

O'Hara, O'Hara & Vars, Liverpool, N. Y., for Walter E. Hansen, Jr.; George H. Lowe, Liverpool, N. Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, District Judge.

This is a criminal action wherein the defendants stand accused, by Indictment Number 77–CR–57, with engaging in a combination and conspiracy in unreasonable restraint of interstate trade and commerce, in violation of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1. Presently pending before this Court are motions for Bills of Particulars and discovery, brought on behalf of the various defendants. Because of the number of requests contained in those motions, the Court will render a Memorandum-Decision addressing the main areas of disagreement between the Government and the defendants and append to it an Order dealing with each of the defendants' specific requests.

## BILL OF PARTICULARS

█ The proper function of a Bill of Particulars is to apprise a defendant of the nature of the charges against him, so that he can adequately prepare a defense, avoid prejudicial surprise at trial, and plead double jeopardy in any subsequent related action. *United States v. Addonizio*, 451 F.2d 49 (3d Cir. 1972), cert. den. 405 U.S. 936, 92 S.Ct. 949, 30 L.Ed.2d 812 (1972), reh. den. 405 U.S. 1048, 92 S.Ct. 1309, 31 L.Ed.2d 591 (1972); *United States v. Frumento*, 405 F.Supp. 23 (E.D.Pa.1975); 8 Moore's Federal Practice ¶ 7.06 (2d Ed. 1976); 1 Wright, Federal Practice and Procedure, Criminal § 129. Within this very general framework, the granting of a Bill of Particulars lies solely within the Court's discretion.

*Wong Tai v. United States*, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *United States v. Tramunti*, 513 F.2d 1087 (2d Cir. 1975), cert. den. 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975).

The touchstone of a Bill of Particulars is to provide sufficient necessary information to enable a defendant to investigate the allegations against him, and adequately prepare a defense to them. It is generally said that what is required is that the defendant be supplied with those facts necessary to enable him, with reasonably diligent efforts, to prepare his defense. *United States v. Manetti*, 323 F.Supp. 683 (D.Del. 1971).

█ A defendant is generally not entitled to evidentiary matters, names of prospective Government witnesses, or legal theories in a Bill of Particulars. *United States v. Addonizio, supra; United States v. Isaacs*, 347 F.Supp. 743 (N.D.Ill.1972); *United States v. Louis Carreau, Inc.*, 42 F.R.D. 408 (S.D.N.Y.1967). However, it is no answer to an otherwise proper demand under the aforementioned test that the particulars sought are evidentiary, or involve the naming of potential witnesses at trial. *United States v. Crisona*, 271 F.Supp. 150 (S.D.N.Y. 1967); *United States v. Smith*, 16 F.R.D. 372 (W.D.Mo.1954). Similarly, it is no answer that the defendant should know the facts demanded, for the defendant is presumed to be innocent; in any event, the Bill of Particulars is aimed at the facts as alleged by the Government, rather than as they actually exist. *United States v. Tucker*, 262 F.Supp. 305 (S.D.N.Y.1966); *United States v. J. M. Huber Corporation*, 179 F.Supp. 570 (S.D.N.Y.1959); *United States v. Smith, supra*.

The ruling upon a motion for a Bill of Particulars necessarily reflects a delicate balance between two competing concepts. On one hand, a defendant needs to know certain quasi-evidentiary facts in order to adequately prepare a defense. *United States v. Manetti, supra; United States v. Crisona, supra*. Yet the Government should not be forced into prematurely disclosing

evidentiary matters to such an extent that they will be unduly confined in presenting their evidence at trial. *Id.* These factors should be considered by a court when exercising its discretion in matters related to Bills of Particulars.

The courts which have, over the years, confronted the issue of Demands for Bills of Particulars in criminal antitrust cases have been unanimous in recognizing that such cases are different from the "ordinary" criminal case, in that generally the facts in an antitrust case are not so much in issue as how the law should be applied to those facts. See, e. g., *United States v. J. M. Huber Corporation, supra; United States v. General Electric Co.,* 40 F.Supp. 627 (S.D.N.Y.1941). Unfortunately, for the sake of attempting to glean some basic principles from those cases, the uniformity ends there. On the matter of requests for Bills of Particulars, the cases reach such diverse results, as could be expected when dealing with matters of discretion, that their use as precedents in this case is, for the most part, futile. The Court will therefore consider the facts of this case, and exercise its discretion accordingly in ruling upon the various requests by defendants.

■ The two elements of an offense under Section 1 of the Sherman Act are 1) an agreement, and 2) unreasonable restraint of interstate trade and commerce. Thus, the only thing that need be alleged in an Indictment charging a violation of that provision are those elements. *United States v. General Electric Co., supra; United States v. U. S. Gypsum Co.,* 37 F.Supp. 398 (D.D.C.1941). This, of course, distinguishes such a case from those charging a conspiracy under 18 U.S.C. § 371, for example, since under that and other similar sections, an Indictment must allege at least one overt act. *Id.;* see also *United States v. Metropolitan Leather & Find. Ass'n.,* 82 F.Supp. 449 (S.D.N.Y. 1949).

With regard to the allegation of an agreement, the problem of what is appropriate for a Bill of Particulars is not as simple as it would appear at first blush. While overt acts need not be alleged, nor proven, in a case such as this, it is nevertheless true that a great majority of antitrust combination and conspiracy cases are presented, of necessity, by use of circumstantial evidence. *Industrial Building Materials, Inc. v. Interchemical Corporation,* 437 F.2d 1336 (9th Cir. 1970); *Harlem R. Con. Coop., Inc. v. Associated Groc. of Harlem, Inc.,* 371 F.Supp. 701, 714 (S.D.N.Y. 1974), aff'd. 493 F.2d 1352 (2d Cir. 1974); *United States v. Metropolitan Leather & Find. Ass'n., supra.* Such evidence usually is in the form of various overt acts performed in furtherance of the agreement, or effects of the agreement, both of which lead to the inference that an agreement existed.

■ Many courts have responded to Bill of Particulars inquiries into what this proof will be with denials, finding them to be purely evidentiary requests. See, e. g., *United States v. Greater Blouse, Etc., Contractors' Ass'n.,* 177 F.Supp. 213 (S.D.N.Y. 1959); *United States v. General Electric Co., supra.* In fact, many courts have posited that, with respect to any criminal charge of conspiracy, the Government need not reveal the overt acts which it intends to show at trial. *Wong Tai v. United States, supra* (dictum); *United States v. Murray,* 527 F.2d 401 (5th Cir. 1976); *United States v. Carroll,* 510 F.2d 507 (2d Cir. 1975), cert. den. 426 U.S. 923, 96 S.Ct. 2633, 49 L.Ed.2d 378 (1976). Other courts have required specification of all such acts to be proven at trial, in order to allow for adequate defense preparation and to avoid unfair surprise. See *United States v. Anderson,* 368 F.Supp. 1253 (D.Md.1973); *United States v. Dioguardi,* 332 F.Supp. 7 (S.D.N.Y.1971); *United States v. Ahmad,* 53 F.R.D. 194 (M. D.Pa.1971); *United States v. Covelli,* 210 F. Supp. 589 (N.D.Ill.1962); *United States v. J. M. Huber Corporation, supra; United States v. Metropolitan Leather & Find. Ass'n., supra.* In light of the anticipated complexity of this case, the Court will follow the latter line of cases and order that all overt acts, proof of which will be offered at trial, be specified to an extent sufficient to allow the defendants to identify and investi-

gate them. Cf. *United States v. Manetti, supra.* The same holds true for any effects of the agreement which the Government intends to show.

■ The Indictment contains a fairly detailed account of the trade and commerce alleged to have been restrained by defendants' actions. (Indictment Number 77–CR–57, ¶ 5–13). The defendants, however, have demanded further information in this regard, indicating *inter alia* that they intend to challenge the Indictment on this ground in a later motion. Their claim is that, while the matter could probably be investigated by utilizing defendants' records of past transactions, to do so would be costly. While the Court may be somewhat sympathetic towards this claim, the Indictment nevertheless sets forth the allegations on this element with sufficient clarity to allow an independent investigation to be conducted. That is all that is required. *United States v. Manetti, supra.* Hence, further particularization in a Bill of Particulars is unnecessary. See *United States v. General Motors Corporation,* 2 F.R.D. 346 (N.D.Ill. 1942); *United States v. U. S. Gypsum Co., supra.*

■ Another area of controversy involves the times when, and through whom, each of the defendants joined and withdrew from the conspiracy. The Government is ordered to state, as precisely as they are able, when and through whom each defendant is alleged to have entered the conspiracy. *United States v. American Oil Company,* 259 F.Supp. 851 (D.N.J.1966); *United States v. Allegheny County R. Druggists' Ass'n.,* 12 F.R.D. 249 (W.D.Pa.1952). The time of each defendant's withdrawal is both irrelevant to the charges in the Indictment, and evidentiary, and therefore need not be specified. *United States v. Ahmad, supra; United States v. Crisona, supra; United States v. Greater Kansas City Retail Coal M. Ass'n.,* 85 F.Supp. 503 (W.D.Mo.1949). The defendants' assertions that times of withdrawals are critical because of the fact that all conspirators may be held accountable for statements made by coconspirators during, and in the furtherance of, the con-

spiracy clearly demonstrates that the information sought is evidentiary.

■ Finally, the parties are in disagreement as to whether particularization is required in respect of statements made, and acts performed, by the various defendants in furtherance of the conspiracy. This Court is of the opinion that this request calls for matters of evidence, and should accordingly be denied.

## DISCOVERY

### A. Names of Witnesses

Names of potential Government witnesses are generally sought under both discovery and Bills of Particulars. Such requests are often made under the guise of seeking the names of persons present at, or participating in, the criminal offense or transaction in issue. When requested in a Bill of Particulars demand, names of witnesses are sought to aid the preparation of a defense. Requests of this sort have met with limited success. Granted: *Will v. United States,* 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967) (dictum); see also 1 Wright, Federal Practice and Procedure, Criminal § 129; Denied: *United States v. Rimanich,* 422 F.2d 817 (7th Cir. 1970); *United States v. Cummings,* 49 F.R.D. 160 (S.D.N.Y.1969); *United States v. American Oil,* 286 F.Supp. 742 (D.N.J.1968). In a case such as ours, the better view would seem to be to grant those demands relating to persons present at or involved in the transactions in issue, so the defendant may sufficiently identify them for purposes of his investigation. *Will v. United States, supra* at 99.

The question of whether the names of potential Government trial witnesses are discoverable is unsettled. The language of Rule 16 of the Federal Rules of Criminal Procedure lacks any reference whatsoever to names of witnesses. Interestingly enough, the version of Rule 16 originally proposed by the Supreme Court provided for discovery of Government witnesses' names. See Historical Note to F.R.Crim. Proc. Rule 16, Title 18 U.S.C.A. (West

1975); see also 8 Moore's Federal Practice ¶ 16.03[3]. While the House adopted a somewhat similar version, the Senate flatly rejected the notion that witness lists should be discoverable, either expressly under Rule 16, or pursuant to any inherent power vested in the trial court. *Id.* In spite of this admonition from Congress, courts have not hesitated to grant discovery of names of witnesses, as a matter of discretion. See, e. g., *United States v. Cannone,* 528 F.2d 296 (2d Cir. 1975); *United States v. Richter,* 488 F.2d 170 (9th Cir. 1973).

■ The decisions in the Second Circuit appear to embody a liberal approach toward the problem of discoverability of witness lists. The Court of Appeals for this Circuit has held that witness lists are discoverable upon a proper showing of need and reasonableness, pursuant to F.R.Crim.Proc. Rule 16(a)(1)(C). *United States v. Cannone, supra,* citing with approval *United States v. Richter, supra.* A mere statement of need, however, especially in the face of a showing by the Government that justice requires suppression of those identities until trial, will not suffice. *United States v. Cannone, supra.* This Court rejects the notion, as suggested by some of the defendants, that by virtue of language originally contained in, but later stricken from, the decision in *Cannone,* the Second Circuit has indicated that the burden of going forward with respect to discoverability of witness lists lies with the Government. The *Cannone* opinion in its present form cites with approval the decision of the Ninth Circuit in *Richter,* in which that Court clearly held that the defendant who desires discovery of the Government's witness list must first show, with specificity, the reasonableness and necessity of obtaining such a list.

■ The Court recognizes that this will be a complex case, involving a substantial number of witnesses on both sides. The Court also takes notice that the probability of witness harassment and attempts to suborn witness perjury in a case of this type is far less than in the average criminal case, and certainly less than that demonstrated

in *Cannone.* For these reasons, in this Court's discretion, the Government is ordered to furnish each defendant with a list of its potential trial witnesses, conditioned upon each and every defendant reciprocating by supplying the Government with a list of potential defense witnesses. This shall be a continuing duty on the part of all parties, as new potential witnesses are discovered.

B. Statements of Corporate Defendants' Officers and Employees

■ The various corporate defendants are seeking discovery of all statements made by their respective officers and employees. The language of F.R.Crim.Proc. Rule 16 expressly provides for discovery by corporate defendants, of grand jury testimony given by their officers and employees. Notably lacking in that section, however, is any similar provision relating to other types of statements. The inference to be drawn from this factor is that the term "defendant", as utilized in Rule 16, does not include officers and employees of a corporate defendant. As such, their statements are not discoverable, except as provided in the Jencks Act, 18 U.S.C. § 3500. F.R.Crim. Proc. Rule 16(a)(2); 18 U.S.C. § 3500(a). This Court refuses to follow *United States v. Bally Manufacturing Corporation,* 345 F.Supp. 410 (E.D.La.1972), which, as the Government correctly points out, has never been followed, and which relied upon three other cases which dealt solely with discovery of grand jury testimony of corporate defendants' officers and employees. *United States v. Zirpolo,* 288 F.Supp. 993 (D.N.J. 1968); *United States v. American Oil Company,* 286 F.Supp. 742 (D.N.J.1968); *United States v. Aeroquip Corporation,* 41 F.R.D. 441 (E.D.Mich.1966).

The defendants' requests in this regard are therefore denied, except to the extent that the statements sought will be obtainable under 18 U.S.C. § 3500, should the Government choose to call the officers or employees in issue as witnesses at trial.

C. Statements of Codefendants and Co-conspirators

 The statements of codefendants and coconspirators fall within the general exemption from discovery found in F.R. Crim.Proc. Rule 16(a)(2) and 18 U.S.C. § 3500, and are accordingly nondiscoverable. *United States v. Percevault*, 490 F.2d 126 (2d Cir. 1974). The defendants' requests for such statements are therefore denied, except to the extent that such statements fall within 18 U.S.C. § 3500.

D. Jencks Act Material

 The defendants have asked this Court to exercise its discretion by ordering the Government to relinquish all Jencks Act material in advance of trial, in the interest of saving time and avoiding delays. The Second Circuit Court of Appeals has urged trial courts, especially when dealing with complex litigations, to encourage pretrial transmittal of such materials. *United States v. Percevault, supra.* It is clear, however, from both the literal language of 18 U.S.C. § 3500, and the decisions which have interpreted that language, that a trial court cannot compel such pretrial disclosure of Jencks Act material over Government objections. *United States v. Sebastian*, 497 F.2d 1267 (2d Cir. 1974); *United States v. Percevault, supra.* The requests for accelerated disclosure of Jencks Act material are accordingly denied.

E. *BRADY* Material

 The Government has acknowledged its affirmative duty to provide each defendant with any material within its possession which exculpates or tends to exculpate that defendant. Since this is a continuing affirmative duty, and hence, no Court Order is necessary, the appended Order will not be addressed to the various *Brady* requests. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).