**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Richard A. LAUCHLI,**
**Defendant-Appellant.**

**No. 82–2868.**

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 6, 1983.

Decided Jan. 4, 1984.

Rehearing Denied Feb. 13, 1984.

---

Richard A. Lauchli, Collinsville, Ill., for defendant-appellant.

Laura J. Jones, Asst. U.S. Atty., Frederick J. Hess, U.S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and PELL and WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

In June 1982, the defendant while fishing with his wife from a power boat on the Kaskaskia River below Carlyle Lake in Clinton County, Illinois, ordinarily a peaceful pastime, got himself into serious trouble. Their fishing lines got tangled with the lines of several people fishing from the shore. The defendant cut one of the lines of a shore fisherman and as a consequence one of them threw rocks at the defendant and his wife, but there were no hits. In response the defendant drew a revolver, later identified as a 357 Ruger, and waved it toward the fishermen. One shore fisherman ran while the defendant and his wife pulled away in their boat and went for the sheriff. A deputy came to the scene, but when he was informed by the shore fishermen that the defendant had waved a pistol at them, the complainant was then on his way to becoming the defendant. The deputy turned to the defendant and asked him if he had a pistol. The defendant admitted that he did and that it was on the boat. The deputy and the defendant then proceeded to the boat dock. As they approached the dock, the defendant suffered a change of heart, declining to pursue the matter further with the deputy. The deputy put the defendant in the patrol car and went aboard the boat, where the defendant's wife had remained. In the first drawer he opened, he found the loaded Ruger in a red pouch. He looked no further and left with the gun and the defendant.

Three different charges resulted: a federal petty offense charge for possessing a loaded firearm on a water area of a water resource development project in violation of 36 C.F.R. § 327.13, a state firearm charge, and this federal indictment charging the defendant with a violation of 18 U.S.C. § 1202(a)(1) Appendix for possessing a firearm in interstate commerce after having been previously convicted of a felony. It was stipulated that the defendant was a convicted felon and that the pistol had traveled in commerce.

In the petty offense proceeding, the defendant sought the return of the gun and suppression of it as evidence. That motion was heard by the magistrate. After the subsequent federal indictment for violating 18 U.S.C. § 1202(a)(1) Appendix, it was agreed that the district judge would decide the suppression issue on the basis of the record made before the magistrate. The motion was denied. A jury trial followed and the defendant was found guilty and sentenced by the district judge to six months in a jail-type institution followed by probation for a year and a half. However, the six-month sentence was to be served on a work release program.

The defendant, who has been pro se throughout, raises a multiplicity of issues, only four of which require consideration as the others are clearly without merit, one of which, the request for appointment of counsel, was not urged at oral argument by the defendant.

■ The principal issue concerns the denial of defendant's motion to suppress and the introduction of the Ruger into evidence at trial. We understand the defendant's position to be that the arrest took place on the bank where the deputy interviewed the shore fishermen, and that the deputy should have given the defendant his *Miranda* warnings at that time. The actual arrest appears to have occurred later, when the defendant changed his mind about cooperating and was handcuffed and placed in the patrol car while the officer boarded the boat. In any event, even prior to when the defendant claimed the arrest occurred, the shore fishermen had advised the deputy about the gun the defendant had displayed on the boat, and the defendant had admitted that he had a gun. Nothing the defendant said or did after that time was in fact used against him or used to establish probable cause to enable the deputy to board the boat and seize the pistol without consent from the defendant.[1]

---

1. The defendant does not deny his conversation with the deputy, but at oral argument the de-

fendant advised the court that his wife owned both the gun and the boat. Those factual as-

■ On its merits, we find that the fourth amendment was not violated. The deputy, although without a warrant, had probable cause to promptly search the boat before it could be moved, or some disposition made of the pistol. A boat on water is as elusive as a car on a highway, with ample opportunity to dispose of evidence or contraband over the side. In *United States v. Adams,* 484 F.2d 357, 360 (7th Cir.1973), this court, relying on *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) and *Coolidge v. New Hampshire,* 403 U.S. 443, 459–60, 91 S.Ct. 2022, 2034, 29 L.Ed.2d 564 (1971), quoted from *Coolidge:*

> The underlying rationale of *Carroll* and of all the cases that have followed it is that there is
>
> a necessary difference between a search of a store, dwelling house or other structure in respect of which a proper official warrant readily may be obtained and a search of a *ship, motor boat,* wagon or automobile for contraband goods, where it is not practicable to secure a warrant because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought. 267 U.S. at 153, 45 S.Ct. at 285.

(Emphasis added).

■ It is true that the state court in its proceedings did find this same search to be invalid and suppressed the evidence. Defendant argues that the prior state determination is binding upon us. That, however, is not the law. *United States v. Panebianco,* 543 F.2d 447, 456 (2d Cir.1976), *cert. denied,* 429 U.S. 1103, 97 S.Ct. 1128, 51 L.Ed.2d 553 (1977).

■ The defendant also claims he was entitled to a favorable ruling on his Motions for Judgment or Acquittal and Motion for a Directed Verdict, principally because the pistol could not be positively identified as the actual gun he used. The defendant claims that he waved at the shore fishermen only a flare gun that he kept in the back of the boat. He further claims that the flare gun would not be encompassed in the prohibition of the Act. The evidence was sufficient to submit the case to the jury, and the jury accepted the pistol version. Defendant's various motions were properly disposed of by the district court.

The defendant also objects to various standard instructions given to the jury, which we find to be appropriate under the circumstances. The defendant objects particularly to the standard instruction advising the jury that when a defendant does not testify, it is a defendant's right not to and the fact that he did not testify cannot be considered in arriving at the verdict. The defendant objected to the giving of the instruction because he claimed it would call attention to and emphasize the fact that he did not testify. The government claims that the instruction must always be given.

■ The giving of the instruction even over the defendant's objection does not constitute reversible error, *Lakeside v. Oregon,* 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978); *United States v. Bailey,* 526 F.2d 139, 142 (7th Cir.1975), *cert. denied,* 424 U.S. 972, 96 S.Ct. 1472, 47 L.Ed.2d 740 (1976),[2] but the defendant raises a legitimate concern. Contrary to the government's view, the instruction need not always be given regardless of the defendant's objection.

---

sertions by the defendant raise some doubt about his standing to object to the search, although the government did not raise the issue. *See United States v. Salvucci,* 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980).

**2.** The government stated in its brief that it was unable to find any cases where an individual defendant objected to the giving of the instruction that a presumption of guilt could not be drawn from the defendant's failure to testify. This court, however, was able to locate a number of such cases, including one heard by the

Supreme Court. *See, e.g., Lakeside v. Oregon,* 435 U.S. 333, 98 S.Ct. 1091, 55 L.Ed.2d 319 (1978); *United States v. Bailey,* 526 F.2d 139, 142 (7th Cir.1975), *cert. denied,* 424 U.S. 972, 96 S.Ct. 1472, 47 L.Ed.2d 740 (1976); *United States v. Rimanich,* 422 F.2d 817, 818 (7th Cir. 1970); *United States v. Wick,* 416 F.2d 61, 63 (7th Cir.), *cert. denied,* 396 U.S. 961, 90 S.Ct. 436, 24 L.Ed.2d 425 (1969). Each of these cases clearly held that the giving of the instruction, even over the defendant's objection, does not constitute error.

*See Lakeside,* 435 U.S. at 340, 98 S.Ct. at 1095. The defendant must be given a say about it and the matter then left to the discretion of the trial judge, particularly where the defendant appears pro se.

Finally, the defendant objects to certain comments made by the district judge at sentencing which the defendant interprets to mean the judge had heard prejudicial comments about the defendant outside the record. In context, the court's comments can reasonably be given a narrower interpretation. At sentencing the district judge and the defendant had a full discussion about his background. The trial judge throughout handled the case carefully and fairly, and with due regard for the pro se status of the defendant.

AFFIRMED.